THE SINNISSIPPI INSURANCE COMPANY *v.* TAFT.

MUTUAL INSURANCE COMPANIES.—ASSESSMENTS.—Under the law governing mutual insurance companies, the power to make assessments upon premium notes is limited by the amount of losses sustained and unpaid at the time of making the assessment.

SAME.—A refusal to pay an assessment made to cover the expenses of the company, as well as losses sustained, gives no right of action upon the premium note.

APPEAL from the *Henry* Common Pleas.

FRAZER, J.—This was a suit by the appellant, a mutual insurance company organized under the general laws of this State, to recover from the appellee the amount of a premium note, after the refusal by him to pay an assessment made upon the note by the company. It appeared by the complaint that at the time the assessment was made

the company was liable for losses by fire to property insured by it in the sum of $12,661. It was also indebted for expenses unpaid $8,706, and for "bills payable and unpaid, $13,163 74," making a total of $34,540 74. What constituted the consideration of the "bills payable and un-paid" was not stated. It had cash in office, $394 43; bills receivable on hands, $11,626 48; cash in hands of agents and in transit, $5,754 20. These facts appeared by the sworn statement annexed to the complaint, and required by law to be made by the directors before levying an assessment upon the notes of policy holders. 1 G. & H., § 47, p. 396.

An assessment was made amounting in the aggregate to $22,521 26, a sum exceeding the unpaid losses by about $10,000. This assessment, with the cash assets on hand, would have paid the losses, and; in addition thereto, the unpaid expenses and "bills payable and unpaid," and would have left the money in the hands of agents and in transit as a surplus.

A demurrer to the complaint was sustained, and a judg-ment rendered for the defendant. The question presented to us on appeal is whether the company had lawful au-thority to raise, by assessment upon the premium notes, a greater sum than was necessary to pay the losses which had then occurred and remained unpaid.

Aside from interest on investments and loans, there are two principal sources from which the company could law-fully derive money. 1. From cash premiums required of members upon the issuing of policies to them. 2. From as-sessments upon premium notes. 1 G. & H., §§ 45, 46, pp. 395, 396. The funds derived from the first named source are applicable in the first instance to the payment of the ex-penses of the corporation, and the moneys derived from assessments can be applied only to the payment of losses, and the power to make such assessments is, by statute, clearly limited by the amount of losses sustained and un-paid at the time of making the assessment. 1 G. & H., §§ 46, 47, 50, p. 395.

The language of the act is, in our opinion, too plain to admit of construction. It is quite apparent that the purpose of the legislature was to protect policy-holders from assessments for the mere purpose of paying the salaries of officers, fixed by themselves, and thus compel the exaction of a sufficient cash premium to meet current expenses at least. This makes the premium note sacred to the purpose of indemnity of members against losses by fire, tends to a prompt and cheerful payment of assessments, because of the certainty that the money will go exclusively to the payment of losses and cannot lawfully be used for any other purpose, and lawfully protects the public from the depredations of institutions conducted with a view merely to the aggrandizement of their managers.

In the present case the assessment, being for $22,521 26, when the liability for losses was only $12,661, was not authorized by law, and no right of action upon the defendant's premium note arose by his refusal to pay the assessment made upon him.

The judgment is affirmed, with costs.

*J. E. McDonald, A. L. Roache, D. Sheeks* and *J. Davis*, for appellant.

*J. H. Mellett*, for appellee.