BERSCH v. THE SINNISSIPPI INSURANCE COMPANY.

POLICY OF INSURANCE.—ACTION ON.—Where a person who has no title to or insurable interest in property procures a policy of insurance thereon, the policy is void, and he cannot maintain an action on such policy in case of loss.

SAME.—PREMIUM NOTES.—CONSIDERATION.—There is no consideration for notes given for the premium upon a policy of insurance void for the reason that the person to whom such policy issued had no title to or insurable interest in the property insured.

PRACTICE.—The Supreme Court will not reverse a case because a demurrer was sustained to a paragraph of an answer which contained a good defense, if there was another paragraph under which the same facts could have been given in evidence.

PLEADING.—COMPLAINT.—A complaint in a suit by a mutual fire insurance company to recover an assessment on a premium note, which avers that the assessment was made to pay the liabilities of the company for losses and expenses, is sufficient if the exhibit required by the statute, (1 G. & H. ¿ 67, p, 396,) shows that the assessment was made only for the purpose of paying the liabilities of the company for losses by fire, and not to defray the expenses of the company.

APPEAL from the Jefferson Common Pleas.

ELLIOTT, C. J.—This is a suit by the Sinnissippi Insurance Company against Bersch, on two promissory notes. The company is a mutual one, organized under the laws of this State. The notes are for one hundred dollars each, and were given for the premiums on two policies of insurance issued by the company to Bersch.

Answer in three paragraphs. 1. A general denial. 2. That the notes were given for premiums upon policies of insurance issued by the company to the defendant upon certain real estate, to which the defendant never had any title whatever, but that at the time of giving said notes and the issuing of said policy, and continuously thereafter, said real estate was owned in fee simple by one *Mary Bersch,* and not by the defendant. 3. That the notes were given without any consideration whatever.

The court sustained a demurrer to the second paragraph of the answer, to which the defendant excepted. A reply was filed in denial of the third paragraph. The issues were tried by the court, a jury being waived by agreement of the parties. Finding and judgment for the plaintiff. *Bersch* appeals.

The question presented by the ruling of the court in sustaining the demurrer to the second paragraph of the answer is the only one discussed by the appellant's counsel in the original brief.

If the defendant had no title to, or insurable interest in, the property insured, the policies would be void, and he could not maintain an action thereon in case of loss by fire. The notes therefore given for such void policies would be without consideration. See *Ang. on Fire & Life Ins.* chap. 4, § 55, p. 96, *et seq.*

Assuming that the facts alleged in the second paragraph of the answer are sufficient to show that *Bersch* had no insurable interest in the property insured, which we do not decide, and constituted, if true, a bar to the action, still we cannot reverse the case for the error of the court in sustaining the demurrer, for the reason that the facts therein alleged could properly have been given in evidence under the third paragraph of the answer, and hence the appellant could not be injured by the ruling of the court.

A question as to the sufficiency of the complaint is presented in a supplemental brief. It is this: That the com-

plaint claims that the assessment on the premium notes was made to pay the liabilities of the company for losses and expenses, while the statute under which the company is organized only authorizes such assessments for the purpose of paying losses, and *The Sinnissippi Insurance Company* v. *Taft*, 26 Ind. 240, is referred to.

The averments in the complaint in the case at bar follow substantially the language of the notes in that respect; but the exhibit required by sec. 67 of the act, 1 G. & H. 396, to be made under oath before making the assessments, is made part of the complaint, and shows that the assessment was made only for the purpose of paying the liabilities incurred by the company for losses by fire, and not to defray the expenses of the company. We think the complaint is sufficient.

The judgment is affirmed, with costs.

*H. W. Harrington* and *C. A. Korbley* for appellant.

*J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.