## WHITMAN, RECEIVER, v. MASON.

PLEADING.—*Complaint.—Mutual Insurance Company.*—In a suit upon a premium note given to a mutual insurance company, the complaint must show that the losses which are to be paid by the money arising from the assessments occurred during the time covered by the policy issued as the consideration of the note.

SAME.—*Demurrer.—Answer.*—It is not error to overrule a demurrer to a bad answer, if the complaint is also bad.

APPEAL from the Perry Circuit Court.

DOWNEY, J.— Whitman, as receiver of the Sinnissippi Insurance Company, a mutual insurance company organized under the laws of the State of Indiana, sued Mason upon a premium note, which he had executed to the company.

The defendant answered, setting up for a defence that the note was obtained by fraud, stating the particulars of the fraud.   The plaintiff demurred to the answer, and his demurrer was overruled; and upon refusal of the plaintiff to reply to the answer, there was final judgment rendered for the defendant.

The complaint fails to show that the losses which were to be paid by the money arising from the assessments accrued during the time covered by the policy issued as the consideration of the note. Such a defect in the complaint has been held by this court, in several cases, to be a fatal defect.

The defendant was liable only for his share of the losses which might happen during the lifetime of his policy, and hence the complaint should show that the losses to be paid with the money sought to be collected from the defendant occurred during that time. *Embree* v. *Shideler*, 36 Ind. 423, and other cases since decided, following that.

It is not material then whether the answer of the defendant was a good defence to the action, had the complaint been good, or not. It was not error to overrule the demurrer to the answer, the complaint being insufficient. *Turpin* v. *Clark*, 35 Ind. 378.

The judgment is affirmed, with costs.

*R. S. Hicks, H. G. Barkwell, S. E. Perkins, F. J. Mattler,* and *S. E. Perkins, Jr.,* for appellant.