## Downs *v.* Hammond.

Mutual Insurance Company.—*Receiver.*—*Assessment.*—*Complaint.*—In an action by the receiver of an insolvent mutual insurance company, to collect an assessment on a premium note, the complaint must show on its face that the court from which the receiver derives his authority has determined on the validity of the claims, for the payment of which the assessment is made. The amount of claims which the receiver or the court will allow as just demands against the company, together with any indebtedness previously allowed by the directors of the company, as shown by their books, must be ascertained, before an assessment can be made to pay such indebtedness.

Same.—*Extent of Liability.*—A person becoming a member of a mutual insurance company by insuring therein is liable for his proportionate share of the losses occurring while his policy runs, and no longer; and in an action by a receiver against such person, it must be shown that the losses to be paid with the money to be collected from the assessment occurred during the time the defendant was a policy holder and member of the company.

From the Tippecanoe Circuit Court.

*J. A. Stein* and *W. Mote,* for appellant.

Buskirk, J.—This was an action by Embree, as receiver of the Home Insurance Company of Lafayette, a mutual insurance company, against Downs, commenced before a justice of the peace. There was judgment for appellee before the justice, from which there was an appeal to the circuit court. Embree having resigned, and Hammond having been appointed, he was substituted as plaintiff.

There was a finding and judgment for appellee. A new trial was refused.

The error assigned is for overruling the motion for a new trial.

The evidence is in the record and wholly fails to support the finding and judgment.

It was held by this court in *Embree, Receiver of the Home Ins. Co.,* v. *Shideler,* 36 Ind. 423, that an action by a receiver of an insolvent mutual insurance company to collect an assessment on a premium note cannot be sustained unless it is alleged in the complaint and proved on the trial, that the court had examined and determined upon the validity of the claims

against the company, for the payment of which the assessment is made. It was also held that the amount of claims which the receiver or the court will allow as just demands against the company, together with any indebtedness previously allowed by the directors of the company, as shown by their books, must be ascertained, before an assessment can be made to pay such indebtedness.

It was further held that a person becoming a member of a mutual insurance company, by insuring therein, is liable for his proportionate share of the losses which may occur while he is a member; that is, during the time his policy runs, and no longer; and that it was necessary to show, among other things, that the losses which are to be paid with the money to be collected from the assessment occurred during the time the defendant was a policy holder and member of the company.

The ruling in the above case has been followed and adhered to in the following cases: *Manlove* v. *Curtis*, 38 Ind. 31; *Heller* v. *McCormick*, 38 Ind. 30; *Manlove* v. *Burger*, 38 Ind. 211; *Tippecanoe Township* v. *Manlove*, 39 Ind. 249; *Manlove* v. *Naylor*, 38 Ind. 424; *Manlove* v. *New*, 39 Ind. 289; *Whitman* v. *Mason*, 40 Ind. 189.

The appellee read in evidence the order of the court appointing Embree receiver, and authorizing him to bring suits, etc. He also read in evidence another order of court which recited that Embree had submitted a report showing the condition of the insurance company, and instead of setting out such report, the words " here insert" are used. The order then confirms the assessment of fifty per cent. made by the receiver. He also read in evidence another order of court which recited that the receiver had submitted another report which was affirmed, but the report was not put in evidence. He read the note sued on, and proved the giving of notice of the assessment, and here the plaintiff rested.

The appellant then read in evidence the original policy of insurance and offered parol evidence tending to prove that the note had been procured by fraud.

It is manifest that under the rulings in the cases cited the evidence wholly failed to support the finding and judgment. The cause was tried in the court below before the recent decisions were made.

No demurrer was filed to the complaint, and consequently no question is presented here in reference thereto.

The pleadings will have to be reformed.

The judgment is reversed, with costs; and the cause is remanded, for a new trial.