Lingenfelser *et al. v.* Simon *et al.*

---

LINGENFELSER ET AL. *v.* SIMON ET AL.

PARTNERSHIP.—*Judgment Against One Partner.—Suit Against the Others.—* The recovery of a judgment against one partner bars an action against the other partners upon the same cause of action.

SAME.—*Execution of Note by One Partner.*—The execution of a note by one of several joint debtors does not operate as a satisfaction of the original debt, in the absence of an express agreement that it shall be received in full satisfaction.

PRACTICE.—*Appeal from Justice's Court.—Pleading in Appellate Court.*—Where an action commenced before a justice of the peace is taken by appeal to a higher court, the defendant is not injured, nor will a judgment be reversed, by reason of the court's sustaining a demurrer to good paragraphs of an answer, if the matters set up in the answers are provable under the general issue.

DEPOSITION.—*Motion to Suppress Deposition.*—A motion to suppress a deposition, because the names of the parties are not properly indorsed on the envelope, cannot be made after the publication of the deposition.

SAME.—Where a party appears at the time and place given in a notice to take depositions, and consents that they may be taken at another place, he cannot afterward object that they were not taken at the place named in the notice.

SAME.—If a deposition shows that the taking was adjourned from day to day, without assigning any cause, where the notice provided for adjournments, a party who appeared at each adjournment without objection cannot afterward object.

SAME.—Parties are not injured by, nor can they complain of, questions and answers in a deposition that tend to sustain their theory of the case.

EVIDENCE.—*Secret Partner.*—In an action against partners, two of whom are alleged to be dormant, for goods sold to them, it is competent for the plaintiff to testify whether he was informed of the existence of the secret partners, and if so, when and how he received the information.

SAME.—A witness may be asked to describe a note, for the purpose of identifying it, and such question will not call for the contents of the note.

SAME.—Where a letter is written, in the name of partners, by one employed to act for them, it is competent for them to show by whom and under what circumstances it was written.

From the Allen Common Pleas.

*L. Newberger, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellants.

*A. Zollars* and *F. T. Zollars,* for appellees.

BUSKIRK, C. J.—This was an action by the appellees against the appellants. The action was commenced and tried before a justice of the peace, who rendered a judgment for the appellants, from which judgment the appellees appealed to the court of common pleas. In the latter court, the cause was tried by a jury, and resulted in a verdict for the appellees. The court overruled a motion for a new trial, and rendered final judgment upon the verdict.

The complaint was in two paragraphs. The first paragraph alleges, that the appellees were a firm, doing business under the firm name of Edward Simon & Brother, and that on and before and after the 20th day of July, 1868, the appellants were engaged in the manufacture of trunks, and selling valises and travelling bags, in Fort Wayne, Indiana, and that at that time the appellants were all partners in said business, under the firm name of John Lingenfelser; that said Henry and Emil Lingenfelser were secret and silent partners in said firm, and fraudulently and falsely concealed from the plaintiffs and the public the fact that they were partners with said John Lingenfelser. A further allegation, that on the 20th day of July, 1868, the plaintiffs, upon the order of John Lingenfelser, sold and delivered to said firm of John Lingenfelser a bill of goods, consisting of travelling bags, etc., amounting to one hundred and eighty-seven dollars and twelve cents, a bill of particulars being made a part of this paragraph; that the same was due, etc.

The second paragraph states, that the plaintiffs (appellees) on the 20th day of July, 1868, upon the order of John Lingenfelser, sold and delivered to said firm of John Lingenfel-

ser a bill of goods, etc., and that they (appellants) on the 22d day of September, 1868, promised to pay for said goods, etc.

In the court of common pleas, the appellants filed an amended answer, in six paragraphs. The first was the general denial.

The second paragraph was as follows : " Defendant John Lingenfelser, for second and further answer, says that the plaintiffs recovered judgment against the defendant John Lingenfelser for the same demand since the creation of said claim now made in plaintiffs' complaint herein, which judgment is of record in the records of this court; wherefore said defendant John Lingenfelser prays for judgment and for costs against said plaintiffs."

The third paragraph was as follows : " And for third and further answer, the defendants Henry and Emil Lingenfelser say that the claim now sued upon by plaintiffs in this action is not against them of right, nor by them owing to said plaintiffs at all, but by said John Lingenfelser in judgment, and that they are not indebted, nor are they bound, unto said plaintiffs for the debt of John Lingenfelser by law, not having so promised in writing, nor in equity, having never made any promise which said plaintiffs accepted for said claim."

The fourth paragraph was as follows : " Defendants, for fourth and further answer, say that the said claim sued upon by said plaintiffs was satisfied by defendant John Lingenfelser giving his promissory note therefor, to the satisfaction of said claim of said plaintiffs; that said John Lingenfelser does not know where said note is ; wherefore," etc.

The fifth paragraph of the answer was as follows : " For fifth and further answer to the second paragraph of the complaint, defendant John Lingenfelser says that he admits the indebtedness in said second paragraph contained, but further says that said plaintiffs recovered a judgment in this court on the —— day of ——, 1868, for the same identical claim sued on, and prays that so far as he was concerned this action may be dismissed as to him ; wherefore," etc.

The sixth paragraph of the answer was in these words : " Defendants, for sixth and further answer to first paragraph

of plaintiffs' complaint, say that said defendant John Lingenfelser settled and satisfied in full the account sued upon in this action before this action brought by his, defendant John's, promissory note."

The court sustained a demurrer to the second, third, fourth, fifth, and sixth paragraphs of the answer, to which ruling the appellants excepted.

The appellants have assigned for error the sustaining of the demurrer to the answer, and the overruling of the motion for a new trial.

The first question presented for our decision is, whether the court erred in sustaining the demurrer to the answer.

We will consider the second and fifth paragraphs together, as they present the same question, the second being the separate answer of John Lingenfelser, and the fifth being the joint answer of Henry and Emil Lingenfelser.

It is alleged in the complaint, that John, Henry, and Emil Lingenfelser were partners; that the business was carried on in the firm name of John Lingenfelser; that Henry and Emil were silent and secret partners in said firm, and fraudulently concealed from the plaintiffs and the public the fact that they were such partners; that the plaintiffs sold to the said John Lingenfelser a bill of goods, for the value of which the plaintiffs sought in this action to recover against all of the partners of said firm.

The substance of the second and fifth paragraphs of the answer was, that the plaintiffs had recovered a judgment against the said John Lingenfelser, for the same identical cause of action set out in the complaint. Did this constitute a bar to the action? We are of opinion that the recovery of a judgment against one partner bars an action against the other partners, upon the same cause of action.

It was held, by the Supreme Court of the United States, in the case of *Mason* v. *Eldred*, 6 Wal. 231, that the recovery of a judgment against one partner bars an action against the others, though the latter were dormant partners of the defend-

ant in the original action, and this fact was unknown to the plaintiff when that action was commenced. The court, after reviewing the English and American cases, say : " The general doctrine maintained in England and the United States may be briefly stated. A judgment against one upon a joint contract of several persons, bars an action against the others, though the latter were dormant partners of the defendant in the original action, and this fact was unknown to the plaintiff when the action was commenced. When the contract is joint, and not joint and several, the entire cause of action is merged in the judgment. The joint liability of the parties not sued with those against whom the judgment is recovered, being extinguished, their entire liability is gone. They cannot be sued separately, for they have incurred no several obligation ; they cannot be sued jointly with the others, because judgment has been already recovered against the latter, who would otherwise be subjected to two suits for the same cause."

The question arising upon the second and fifth paragraphs of the answer was very fully considered by this court, and decided in accordance with the doctrine laid down in the above case, in the case of *Crosby* v. *Jeroloman*, 37 Ind. 264.

The third paragraph only amounted to the general denial, and should have been stricken out. There was no error in sustaining the demurrer to it.

The fourth paragraph presents for our decision the question of whether the execution of a note by one of several joint debtors operates as a satisfaction of the original indebtedness, in the absence of an express agreement that the note should be received in full satisfaction.

In *Maxwell* v. *Day*, 45 Ind. 509, it was held, that " the taking of a note from one of several joint debtors for a pre-existing debt, is no payment, although security may be given thereon, unless it be expressly agreed to be taken as payment, and at the risk of the creditor."

In addition to the authorities there cited, we cite *Schemerhorn* v. *Loines*, 7 Johns. 311, and *Muldon* v. *Whitlock*, 1 Cow. 290. In the case last cited, it is said, by SUTHERLAND, J.,

that "no principle of law is better settled, than that taking a note either from one of several joint debtors, or from a third person, for a pre-existing debt, is no payment, unless it be expressly agreed to be taken as payment, and at the risk of the creditor. Nor does the taking a note, and giving a receipt for so much cash, in full of the original debt, amount to evidence of such express agreement to take the note in payment. The agreement must be clearly and explicitly proved by the original debtor, or he will still be held liable."

The sixth paragraph was, in substance, the same as the fourth.

The fourth and sixth paragraphs were bad.

The second and fifth paragraphs were good, but this action having originated before a justice of the peace, the appellants were not injured by such ruling, as all the matters therein averred were provable under the general issue. The trial should have proceeded in the common pleas in the same manner, and should have been governed by the same rules, as before the justice. In a trial before a justice, every defence may be proved under the general issue, except set-off, statute of limitations, *non est factum,* and in abatement. Sec. 34, 2 G. & H. 585.

It is the settled rule of this court, that a judgment will not be reversed because a demurrer was wrongfully sustained to a paragraph of answer which contained a good defence, if there was another paragraph under which the same facts could have been proved. *The Terre Haute Gas Co.* v. *Teel,* 20 Ind. 131; *Hynds* v. *Hays,* 25 Ind. 31; *The Evansville, etc., R. R. Co.* v. *Baum,* 26 Ind. 70; *Bersch* v. *The Sinnissippi Ins. Co.,* 28 Ind. 64; *Wolf* v. *Schofield,* 38 Ind. 175; *Peery* v. *The Greensburgh, etc., Turnpike Co.,* 43 Ind. 321; *Bailey* v. *Troxell,* 43 Ind. 432; *Bernhamer* v. *Conard,* 45 Ind. 151; *Kernodle* v. *Caldwell,* 46 Ind. 153.

In *Bernhamer* v. *Conard, supra,* it was held, that in an action commenced before a justice of the peace, sustaining a demurrer to a good paragraph of an answer that is not a plea in abatement, an answer of set-off, or an answer of the statute of limitations, is not error.

The appellants moved to suppress certain depositions, which motion was overruled, and the question is reserved by a bill of exceptions.

The first ground of objection is, that the names of the parties to the action are not properly endorsed on the envelope. The motion was made after the publication of the deposition. It came too late. Sec. 266, 2 G. & H. 178. As the endorsements on the envelope are not in the record, we cannot say that they were not sufficient.

Another ground of objection is, that the depositions were not taken at number 332 Broadway, N. Y., the place named in the notice.

The record shows, that the appellants, by attorney, appeared at the time and place named and consented that they might be taken at a different place. This was a waiver of the objection now urged. *Doe* v. *Brown*, 8 Blackf. 443.

Another ground of the motion to suppress is, that the taking of the depositions was adjourned from day to day, without any cause assigned. The notice provided for adjournments. Counsel for appellants appeared at each adjournment, without objection. There was no error in this.

The motion to suppress was properly overruled.

The appellants moved to suppress the third, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, fourteenth, fifteenth, sixteenth, twentieth, twenty-first, and twenty-second questions, and answers thereto, in the deposition of Samuel Simon. The motion was overruled, the question is reserved by a bill of exceptions, and is assigned for error here. The third, fifth, and sixth questions were preliminary, and unobjectionable.

The seventh was: "State whether you have ever been informed that John Lingenfelser had any secret partners at the time of the sale of the goods mentioned; and if so, state when and how you received that information.

"Ans. I have been informed that John Lingenfelser had secret partners when the goods were sold to him, and the infor-

mation reached me after the amount became due and suit commenced."

The question was proper, if the purpose was to prove by the admissions of the defendants, or either of them, that Henry and Emil were the dormant partners of John Lingenfelser; but the fact of such partnership could not be proved by hearsay evidence. But we think the purpose of such question was not to prove the partnership, but whether the deponent had been so informed, and when. The answer was, that such information had been received after the note was taken and the suit commenced. The answer discloses nothing in reference to who such dormant partners were. The deposition seems to have been taken upon the theory that the taking of the note of John Lingenfelser, in ignorance of the existence of dormant partners, would not defeat a right of action against such dormant partners, and the purpose of the question seems to have been to prove that the note was taken in ignorance of such fact. The answer was incompetent to prove the fact of such partnership, but was competent to prove when such information was received.

The eighth and ninth questions and answers are unimportant, and need not be further noticed.

The tenth was: " State whether or not the plaintiff took from John Lingenfelser any note for the amount of the account of bill as stated in exhibit (A) ; and if so, describe the note, and why it was taken.

" Ans. We took a note to determine the amount of the account and the time of payment, and not to cancel the account. The note was dated May 1st, 1868, and became due October 1st and 4th, 1868, and reached us by mail on the 6th day of August, 1868."

The purpose of the question was to show that there was no agreement to take the note in satisfaction of the account. We do not think the word " describe," as used in the question, called for the contents of the note, but the object was to identify it. The date and maturity are given, but not the amount of the note. As all the partners were liable, though the note

of one was taken, this question and answer could not injure the appellants.

We think the eleventh question and answer were proper.

The fourteenth, fifteenth, and sixteenth questions and answers show that the note of John Lingenfelser was received for the amount sued on, and was transferred to a bank, and was afterward taken up by appellees, and was sent to Fort Wayne for collection. We are unable to see why appellants should object to these questions and answers, as they strongly tended to sustain their theory of the case. They were not injured, and have no right to complain of the ruling of the court.

The seventeenth question called out a letter from Henry and Emil Lingenfelser to the appellees.

The eighteenth question related to who had charge of the correspondence of the appellees.

The nineteenth question was, whether the letter of Henry and Emil Lingenfelser had been answered, and if so, by whom. Then follows a letter written in the name of the firm, by Mr. Indig, who had charge of the correspondence of said firm.

The twentieth question was, whether such letter had been submitted to the deponent before it was mailed; and the answer was, that it had not.

The twenty-first question was, whether the deponent had ever authorized Mr. Indig to make the statement "that neither H. Lingenfelser & Bro. nor John Lingenfelser were indebted to your firm."

The answer was: "No, sir; we never authorized him to write any such letter; it was sent without our knowledge, and the first intimation we had of it was sometime after suit had been commenced."

The twenty-second question was, who had charge at that time of the finances of the firm? and the answer was, that the deponent had.

The appellants also moved to suppress the forty-fifth, forty-eighth, forty-ninth, fiftieth, fifty-first, and fifty-second questions and answers in the deposition of Emile Indig.

These questions and answers related to the letter written by H. Lingenfelser & Bro. to appellees, the answer thereto written by witness in the name of the firm, whether it was written by him with the knowledge of the firm, and whether it was submitted to any member of the firm before it was sent, and as to what the witness meant by the expression used therein, "that neither H. Lingenfelser & Bro. nor John Lingenfelser were indebted to the firm of Edward Simons & Bro." The explanation was, that when the letter was written the note of John Lingenfelser for the account sued on had been sold and negotiated to a bank. These questions and answers related to the same matters as questions 17, 18, 19, 20, 21, and 22, in the deposition of Samuel Simon, above stated.

We confess our inability to see how these questions and the answers thereto injuriously affected the appellants. The letter of H. Lingenfelser & Bro. to appellees was clearly admissible against them. The answer of the appellees thereto constituted a part of the transaction. We think it was competent for Mr. Indig to explain what he meant by the statement that neither H. Lingenfelser & Bro. nor John Lingenfelser were indebted to the appellees. We also think it was competent for appellees to show that such letter had been written without their direction or knowledge.

The letter having been written, in the name of the appellees, by one employed to act for them, the presumption would be, that it was written by them or with their knowledge, and was binding upon them. It was competent for them to show by whom and under what circumstances the letter was written.

It is also claimed that the court erred in requiring Henry Lingenfelser to answer the question, whether he had not offered to pay fifty cents on the dollar on the account sued on. It is a sufficient answer to say, that the grounds of the objection were not pointed out in the court below. The bill of exceptions states that appellants objected to the question, but

it does not state the grounds of the objection. This is indispensably necessary to present any question for review here.

The appellants failed to prove that a judgment had been rendered on the note given by John Lingenfelser to appellees for the account sued on.

. Adam H. Bittenger testified, that he was a justice of the peace, and that he had rendered a judgment against John Lingenfelser, May 3d, 1869, in favor of the plaintiffs in this suit, on a note, and that an execution was issued against John Lingenfelser, which was returned with schedule claiming exemption June 22d, 1869.

There was no objection to the admission of parol evidence to prove the judgment. The evidence offered wholly failed to show that a judgment had been taken against John Lingenfelser upon the note given by him for the account sued on. It failed to show the date or amount of the note, or that it was payable to the appellees. As we have seen, the giving of the note did not discharge the other members of the firm. If, however, a judgment had been taken on the note, it would have merged the debt and discharged the other partners. The appellants having failed to make such proof, as they might have done under the general denial, the dormant partners are not discharged.

We think the evidence very clearly shows, that Henry and Emil were the partners of their father when the goods for which this action is brought were purchased. There is no equity in the defence. The goods were purchased of appellees, and were sold by appellants, and the proceeds appropriated to their own use. The appellants are not in a favorable condition to defend this action, while they retain the money which they received for the goods purchased of appellees. We think the case was decided rightly, upon its merits.

The judgment is affirmed, with costs.