STOW *against* WADLEY.

THIS was an action of *assumpsit*, on a promissory note, dated 17th *June*, 1808, by which the defendant promised to pay the plaintiff 111 dollars and 53 cents, in one year from the date.

It appeared that the plaintiff, at the time the note was given, declared to the defendant, that there had been a mistake in the settlement of accounts between them, about four years before, of 84 dollars, in favour of the defendant. The defendant denied that there had been any mistake; but it was agreed between the parties, that the defendant should give a note to the plaintiff for the 84 dollars and interest, which should be lodged in the hands of *A. Ten Eyck*, with directions, that if the defendant should, within sixty days, exhibit to *Ten Eyck*, evidence, by which he should think the defendant ought not to pay the note, that then the note should be delivered to the defendant, otherwise it was to belong to the plaintiff. The defendant accordingly made the note, on which the action was brought, which was placed in the hands of *Ten Eyck*, with the agreement of the parties, and he gave notice to the defendant to produce the evidence. The defendant, within the 60 days, insisted on giving *parol* evidence, which *Ten Eyck* conceiving himself not authorized to admit, returned the papers to the plaintiff, without doing any thing further in the business.

At the trial of the cause, at the circuit, in *Lewis* county, in *June*, 1810, the jury, under the direction of the judge, found a verdict for the plaintiff, for 128 dollars and 14 cents.

It was agreed between *A.* & *B.* that *B.* should give his promissory note to *A.* for a certain sum, which *A.* alleged was due to him, for a mistake made on a settlement of accounts between them a few years before, but which mistake was denied by *B.*, and that the note should be lodged in the hands of *C.*, and if *B.* within 60 days, should exhibit proof to *C.*, from which *C.* should think *B.* ought not to pay the note, then it should be delivered to *B.*; otherwise it should belong to *A.*, and *B.* insisted on producing *parol* proof to *C.*, which he refused to admit. In a suit against *B.* on the note, it was held that the defendant was not in default, and that his default, or the decision of *C.* against *B.* was a condition precedent to the validity, and binding operation of the note.

A motion was made to set aside the verdict, and for a new trial, which was submitted to the court without argument.

*Per Curiam.* The case shows that there was no consideration for the note. *Ten Eyck* declined to act, and would not receive the parol evidence that the defendant offered. The defendant was not in default, and his *default*, or a decision of *Ten Eyck* against him, was a condition precedent to the validity and binding operation of the note. The verdict ought to be set aside, and a new trial awarded, with costs, to abide the event.