## SUPREME COURT.

### The Herkimer County Mutual Insurance Company agt. Fuller.

The directors of a Mutual Insurance Company in assessing the proportion of their losses to be paid by the maker of each deposit note, do not act judicially; if they omit to assess the deposit notes of any persons *then being* members, and liable for their proportions of the losses, the assessment is invalid.

In making such assessment they have no right to take into consideration the length of time any person has been a member.

*Onondaga Special Term, June* 1852. *Motion to strike out a part of the defendant's answer, as redundant and irrelevant.* The action is brought upon a premium note, executed by the defendant to plaintiffs. The note is for $441, and bears date the 31st of January 1848. The complaint alleges that the directors of the plaintiff's company, having received notice of certain losses and damage by fire, and having ascertained such losses and damages, did on the 19th of November 1849, "settle and determine the sums to be paid by the several members thereof, as their respective proportions of such losses, and that the amount which the defendant thus became liable to pay, was $35·28, *which sum was in proportion to the amount of his deposit note.*"

The answer alleges, among other things, that the directors, when settling and determining the amount to be paid by the several members of the company, "wrongfully omitted and neglected to assess the deposit notes of divers persons then being members of said company and liable for their proportions of said losses, by which omissions and neglect the defendant was assessed more than his just proportion."

It is also alleged that the directors in making the assessment included therein certain sums which had before been assessed against divers persons, then being members of the company, and who had been released from the payment thereof.

These portions of the answer the plaintiffs moved to strike out as irrelevant.

W. BROOKS JR., *for Plaintiffs.*

H. BAKER, *for Defendant.*

HARRIS, Justice.—It was insisted by the counsel for the plaintiffs, upon the argument, that the directors, having acquired jurisdiction by ascertaining the loss, acted judicially in making their assessment; that it was for them to determine whether an assessment was necessary, and if it was, upon what members it should be made, and how much should be paid by each.   But I do not so understand the requirements of the plaintiffs' charter.   The 8th section of the act to incorporate the Jefferson Mutual Insurance Company (*Sess. Laws* 1836, *p.* 44), the provisions of which are adopted in the plaintiffs' charter (*Sess. Laws* 1836, *p.* 197) declares that *every member of the company shall be bound to pay for losses,* &c. " in proportion to the amount of his deposit note;" and the 10th section provides that the directors, having ascertained the loss, " shall settle and determine the sums to be paid by the several members of the company, as their respective proportion of such loss;" and declares that " the sum to be paid by each member shall *always* be in proportion to the original amount of his deposit note or notes."

In pursuance of their duty, as thus prescribed, the directors, having ascertained that the company is liable for a loss, and that the company have not funds sufficient to pay such loss, are first to ascertain *who were members of the company at the time the loss occurred,* and having ascertained this, their assessment is to be made upon each, in the proportion which the amount of his deposit note bears to the aggregate amount of all the deposit notes.   I can not agree with the plaintiffs' counsel that the directors have a right to take into consideration the length of time any person has been a member, in determining the amount of his assessment, or whether he shall be assesed at all.   Whether

he has been a member for a day or a year, and whatever the amount he has previously paid, but one rule of assessment is prescribed. It is the proportion which his deposit note bears to the amount of the deposit notes of all the members. If, therefore, the directors have, as the defendant has alleged in his answer, " omitted to assess the deposit notes of divers persons, then being members and liable for their proportions of the losses," and have thus increased the amount of the defendant's assessment, they have done what, I think, they had no authority for doing, and the assessment is invalid. So too, if they have included in the assessment the amount of previous assessments, from the payment of which the parties assessed had been released, it seems to me, very clear, that they transcended the power conferred upon them by their act of incorporation.

The allegations in that part of the answer to which this motion applies, are, therefore, not irrelevant. On the contrary, unless I am mistaken in the view I have taken of the provisions of the plaintiffs' charter, in respect to the power of the directors to make assessments, these allegations, if sustained at the trial, will prove fatal to the plaintiffs' action. The motion must, therefore, be denied with $7 costs.

---

### SUPREME COURT.

