Thomas *v.* Whallon.

[ONEIDA GENERAL TERM, January 5, 1857. *Hubbard, Pratt, Bacon* and *W. F. Allen,* Justices.]

———————

THOMAS, Receiver, &c. *vs.* WHALLON.

A receiver of a mutual insurance company, in making an assessment upon the premium notes held by the company, is the actor, and his authority depends, not upon the order of the court, but upon the existence of the facts rendering an assessment necessary and proper.

In ordering a receiver to make an assessment upon the premium notes, the courts do not adjudicate upon the liability of the company, or determine the amounts for which assessments shall be made, or the ratio of assessment. They merely sanction and authorize the acts of the receiver, who acts ministerially, not judicially.

The assessment is the act of the receiver, and in and with him is the authority to act, in the premises.

The promise of the assured is to pay upon certain conditions, and the existence of those conditions must be shown by the party seeking to enforce the contract.

The directors of a company, or the receiver if one be appointed, have no arbitrary discretion in making an assessment, but they are controlled by the explicit provisions of the statute, and must, by proper averments and proof, bring themselves within the terms of those provisions before they can enforce the collection of the premium note.

Where, in an action by a receiver, to recover the amount of an assessment made by him upon a premium note, there was no averment in the complaint and therefore no foundation laid for the introduction of evidence of the liabilities of the company, and there was no proof of the existence of any liabilities for the payment of which an assessment was necessary ; *Held* that the plaintiff could not recover. BACON, J. dissented.

Thomas *v.* Whallon.

THE plaintiff sued as receiver of the Globe Insurance Company, a mutual company incorporated under the act of 1849, upon a premium note given by the defendant on effecting an insurance with the company.

The complaint contained two counts; the first count was to recover the amount of two assessments made by the directors, before a receiver of the property and effects of the company was appointed. The second was for the amount of an assessment made by the receiver. The cause was referred, and upon the trial the plaintiff put in evidence the order of the court, in pursuance of which he was appointed the receiver of the company, and certain proceedings tending to show the assessments by the receiver. The referee gave judgment for the plaintiff, and the defendant appealed therefrom.

*Geo. Barker*, for the appellant.

*N. C. White*, for the respondent.

W. F. ALLEN, J. No evidence was given under the first count of the complaint, but the evidence was given and the recovery had under the second count, which avers the giving of the note in suit, payable in such portions and at such time or times as the directors of the said company should require; that on or about the 17th day of July, 1854, one John Brown was by an order of the court duly appointed receiver of said company; that said Brown, while possessed of the said notes and all other property of the company, as receiver, on the 13th day of June, 1855, on application duly made, procured an order of this court directing the receiver to make an assessment on the premium notes of the company, sufficient to pay off the losses therein referred to, and directing the times at which the assessments should be payable; that the said Brown went forward in accordance with the order and the charter and by-laws of the company, and made in due form and manner the assessment set out in the complaint, in which the notes are

classified and the percentage assessed upon each class stated ; that the note in suit was assessed according to the statement, to the amount of $78 ; that due notice of the assessment was given, and the same remains unpaid.   That the plaintiff was, on the 17th day of July, 1855, duly appointed receiver in the place of the said Brown, and on the 19th day of November, 1855, on his application, this court granted an order confirm= ing the assessment and authorizing suits.

The answer admits the giving of the note, but denies the residue of the complaint.   The evidence given was entirely doc-umentary, and consisted of the order of the court referring it to N. C. White, Esquire, to appoint a receiver of the company and take from him the proper security.   2d. The report of the referee that he had appointed Mr. Brown the receiver, and had taken from him the security designated in the order.   3d. The order discharging Brown from the receivership and referring it to W. A. Spencer, Esquire, to appoint a receiver in his place, 4th. The report of the referee that the plaintiff had been ap-pointed receiver, and had given the requisite security.   5th. The order of the court, dated June 13, 1855, reciting the presenta-tion of the petition of the receiver, " praying for the advice and direction of this court touching the matters therein men-tioned," directing " the receiver" to make such assessment upon the premium notes belonging to said company, and men-tioned in the said petition, as shall be necessary to pay the debts and liabilities of said company set forth in the 10th and 11th folios of said petition, with ten percent on said amount to cover the costs and expenses of collecting said assessment, and as shall be in accordance with the statute in such case made and provided, and as by the charter and by=laws of said company the directors of said company have or had authority to make." 6th. The petition of the plaintiff, stating his appointment as receiver, &c. and that on the 13th day of June, 1855, an order was entered in the Oneida clerk's office, directing an assessment to be made on the premium notes belonging to the said compa-ny, to pay the demands specified, amounting in the aggregate

to $29,244.03, and that the claims consisted wholly of losses on policies issued upon and in consideration of premium notes or of judgments recovered against the company before its fail⹁ure, and which are still unpaid, or of expenses incurred or of money borrowed in carrying on the business of said company. That an assessment had been made in pursuance of the order, and notice thereof given, schedules of which are annexed to the petition; the notes being arranged in classes according to the times they were given and expired, and being assessed only for losses happening while they were in force, and that among the papers annexed would be found a full statement of all the claims against the company, and all the premium notes belonging to it, and a statement of the assessment made upon the same, and praying that the assessment be enforced and the premium note makers be directed to pay the same forth⹁with, or in default thereof that the plaintiff have power to sue, &c. 7th. The order of this court, of the 19th of November, 1855, in conformity to the prayer of the petition. 8th. The notice as published and mailed to the defendant. Several objections were taken to the admission of evidence during the progress of the trial, and to the right of the plaintiff to recover, at its close, which it is not necessary to consider in detail. One objection goes to the foundation of the plaintiff's right to recover upon the pleadings and evidence as they now appear, and if well taken, overrides all the other questions made before the referee. It is to the effect that no case is made by the complaint, or established by the evidence, entitling the plaintiff to make an assessment upon the premium note of the defendant, or to recover the whole or any part of it. The note is payable, by its terms, in such portion and at such time or times as the directors of the company should direct; and by the act of 1852 (*Laws of* 1852, *p.* 67, § 2) receivers of mutual insurance companies have full power, under the authority and sanction of the court appointing them, to make all such assessments on the premium notes of such corporations as may be necessary to pay the debts of such corporations, as

by the charter thereof the directors have authority to make, and the same rights and remedies are given to the receivers as are possessed by the corporations or their directors. This right of assessment is not however an arbitrary or discretionary right, but it is to be exercised at the time and in the manner prescribed by law. The general act of 1849, (*Laws of* 1849, *ch.* 308,) under which the Globe Insurance Company became incorporated, did not make specific provision, in terms, for the assessment of notes given for premiums upon policies of insurance issued by mutual companies organized under it, but left that to be governed by the articles of association and by-laws of each company, so far as it was not settled by implication by the act itself. The tenth article of the "charter" of this insurance company provides that the notes taken by it for premiums shall be paid in whole or in part and at such times as the directors shall deem requisite for the payment of losses, and such incidental expenses as shall be necessary for transacting the business of said company. The general insurance law of 1853 (*Sess. Laws, p.* 904) remodeled the law of 1843, and by section 20 all companies incorporated under the act of 1849 were brought under all the provisions of that act, except as to their capitals. By section 13 of the act of 1853, this applied to the Globe Insurance Company. It was provided that the directors should, after receiving notice of any loss or damage by fire sustained by any member, and ascertaining the same, or after the rendition of any judgment against said company for loss or damage, settle and determine the sums to be paid by the several members thereof as their respective portions of such loss, and publish the same, &c. ; and the sum to be paid by each member should always be in proportion to the original amount of his note, and should be paid within thirty days next after the publication of said notice. This section also provided that suit might be brought upon the note and the whole recovered, after a neglect to pay for the space of thirty days next after the publication of such notice, and after personal demand for payment should have been made. (*See*

Thomas *v.* Whallon.

*also Laws of* 1854, *p.* 773.) The liability of the defendant is not an absolute liability to pay the whole amount of his premium or deposit note, but it is conditional, depending upon the contingency of the happening of losses to which he shall be liable to contribute, and which have been ascertained by the directors, (or in this case by the receiver,) and the necessity of the payment of the whole or some part of the note to satisfy the claim. This being a part of the law of the land, as well as incorporated in and making a part of the articles of association, constitutes a part of the contract, as much as if written out in the body of it. The note then being payable only upon the happening of a certain contingency, or in other words, only conditionally, it devolves upon the plaintiff seeking to enforce the collection of the note, in whole or in part, to show by proper averments and competent evidence that the contingency has occurred upon which the defendant's liability became absolute. The receiver takes the place of the directors, in ascertaining the claims upon the company, in determining upon the necessity of an assessment and the amount which each member of the company should pay upon his note, with this limitation upon his authority, that he cannot act without the sanction and authority of the court. But the court does not make the assessment, and it does not adjudicate any thing which determines the rights of third persons. It is not a proceeding *in rem,* which binds all directly or indirectly affected by it, and the statute nowhere contemplates any judicial action which operates upon the rights of any party not represented. The provision was designed to guard against indiscreet and improper assessments and expensive and unfruitful litigation on the mere motion of the receiver. But the receiver is the actor in making the assessment, and his authority depends not upon the order of the court, but upon the existence of the facts rendering an assessment necessary and proper. The necessity of the sanction and authority of the court is an additional restriction and limitation of the authority, and does not dispense with the other more important condition. In some

cases the court or officer authorized to take action affecting the rights of property of third persons are called upon to adjudicate certain facts; and when such is the case, the adjudication is of itself incontrovertible evidence of the existence of the facts adjudicated, like every other judgment of a court or officer of a competent authority upon a question properly before it. Such is the case of the proceeding to sell estates of testators or intestates for the payment of debts. (1 *R. L.* 450, § 23. 2 *R. S.* 100. *Bloom* v. *Burdick*, 1 *Hill*, 130.)

But in this proceeding the courts do not adjudicate the liability of the company, or determine the amounts for which assessments shall be made, or the ratio of assessment. They merely sanction and authorize the acts of the receiver, who acts ministerially, not judicially. The assessment is the act of the receiver, and in and with him is the authority to act in the premises; and his authority depends upon the existence of the state of facts rendering the assessment necessary. The promise of the defendant is to pay upon certain conditions, and the existence of those conditions must be shown by the party seeking to enforce the contract. (*Stow* v. *Wadly*, 8 *John.* 124. *Ferris* v. *Purdy*, 10 *id.* 359.) If the directors of the company, or the receiver acting in their place in making the assessment, acted judicially, the assessment itself perhaps would be evidence, at least prima facie, of its necessity; but they do not act judicially, and they have no arbitrary discretion in the matter, but they are controlled by the explicit provisions of the statute, and must by proper averments and proof bring themselves within the terms of those provisions before they can enforce the collection of the premium notes. (*Bangs* v. *Gray*, 2 *Kern.* 477. *The Herkimer Co. Mutual Ins. Co.* v. *Fuller*, 14 *Barb.* 373. *In the matter of Bangs*, 15 *id.* 264. *Shaughnessy* v. *The Rensselaer Ins. Co.*, 21 *id.* 605.) In *Brouwer* v. *Appleby* (1 *Sand. S. C. Rep*, 158) it was a part of the case agreed upon, that the unpaid losses of the company at the time of the trial exceeded $360,000, and its assets of all kinds, including the defendant's note, did not

.Thomas *v.* Whallon.

exceed $200,000. The case of *The Same Plaintiff* v. *Hill* (*Id.* 629) was tried after the disposal of the case first cited, and only such questions were made as were supposed to distinguish the two cases. It is evident that both court and counsel supposed it necessary for the plaintiff to show the liability of the company to an amount rendering it necessary to call upon the members of the company for contribution. The premium note is but one form of an agreement by which the signer undertakes to contribute in a given proportion, and on certain conditions, to the losses and expenses of the company. In this case there is no averment in the complaint, and therefore no foundation laid for the introduction of evidence of the liabilities of the company, and there was no proof or attempt to prove the existence of any liabilities for the payment of which an assessment was necessary. If the statement of the fact by the receiver, in his petition for leave to make the assessment, could be evidence of the fact against a third person, it was not put in evidence. It is recited, or rather referred to, in a manner not satisfactory, in the order made in June, and the debts for which an assessment was directed were not stated, in any way, but were referred to as stated in certain folios of the petition, and the statements of the petition are more directly referred to and recited in a subsequent petition presented by the present plaintiff; but all this did not supersede the necessity of producing the original petition, if that was any evidence of the facts stated in it. (*Wilson* v. *Conine,* 2 *John.* 280.) A record, decree or order cannot be proved by a recital in any other record, decree or order, as against third persons. (1 *Greenl. Ev.* § 511. *Com. Dig. Evidence, B.* 5.) The judgment must be reversed, and a new trial granted, with costs to abide the event.

HUBBARD and PRATT, Justices, concurred.

BACON, J. dissented.                    New trial granted.

[ONEIDA GENERAL TERM, January 5, 1857. *Hubbard, Pratt, Bacon* and *W. F. Allen,* Justices.]