PACIFIC MUTUAL INSURANCE COMPANY, Respondent, *v.* FREDE-
RICK GUSE, Appellant.

1. *Fire insurance — Premium notes — Resolution of directors — Assessment — Proof of losses.* — In a suit brought by a mutual fire insurance company for the amount of an assessment upon a premium note, proof of a resolution of plaintiff's board of directors levying an assessment on premium notes to meet the indebtedness of the company, is insufficient to establish the liability of defendant, without further proof that the losses and expenses which authorized the assessment had actually occurred.

*Appeal from Franklin Circuit Court.*

*Henry Flanagan,* with *J. Halligan,* for appellant.

The court improperly admitted in evidence the copy of the resolution ordering an assessment. It was incompetent until after the plaintiff had offered proof to show that losses had been sustained for which an assessment was authorized to be made. The payment of the note was conditional, and not at the mere discretion of the directors. The resolution of itself was no evidence that the contingency had arrived upon which the defendant was liable to pay. (Gen. Stat. 1865, ch. 67, p. 358, § 20; American Ins. Co. v. Schmidt, 19 Iowa, 502; Thomas, etc., v. Whallon, 31 Barb. 172; Herkimer Mutual Ins. Co. v. Fuller, 14 Barb. 373; Atlantic Ins. Co. v. Fitzpatrick, 2 Gray, Mass., 279.)

*J. R. Martin,* for respondent.

The statute seems to make the directors the sole judges of the necessity of an assessment, clothed with discretionary power by law. They are at all events selected by the policy-holders themselves as the proper persons to exercise it, and are liable for its abuse. The members of the company are entitled by the statute (Gen. Stat. 1865, ch. 67, § 27) to an examination of the books, papers and general transactions of the company, upon application therefor to the secretary, and are in a situation at any time to protect their interests from abuse at the hands of their officers.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced before a justice of the peace to recover an assessment of $17.50 made by the plaintiff against the defendant, on a premium note for $70. The note specified that it was given for a policy issued by the insurance company, and was to be paid in such portions and at such times as the directors of the said company might, agreeably to the general incorporation laws of the State and the by-laws of the company, require.

Before the justice of the peace defendant obtained judgment, but on appeal to the Circuit Court, judgment was had for the plaintiff.

The only question of any importance in the case is the ruling of the court in admitting evidence. The plaintiff offered in evidence and the court admitted a copy of a resolution passed by the board of directors, by which an assessment of 25 per cent. was levied on all premium notes held by the company, to discharge the indebtedness of the company up to a certain date. The resolution was duly certified to by the president and secretary of the company, with the seal of the company affixed.

The defendant objected to the admission of the resolution as evidence, on the ground that the plaintiff had not proved any loss sustained for which an assessment ought to be made, and on the further ground that a copy of the resolution was no evidence of any acts of the plaintiff; that the original ought to be produced or its absence accounted for. So far as the second point raised in the objection goes, the law settles it against the position taken by counsel. The statute in relation to evidence provides that copies of all records and papers on file in the office of any company incorporated under the general or special laws of this State, when certified by the secretary or president and authenticated by the seal of said company, shall be received as *prima facie* evidence in all courts of this State, in the same manner and with like effect as the original. (Wagn. Stat. 592, § 18.)

But the first objection raised presents a question of more difficulty. The case comes under the provisions of the law relating to fire insurance companies as contained in the General Statutes

of 1865, pp. 357–9. Section 16 provides for persons becoming members of the company, regulates the manner of taking premium notes, specifies the amount to be paid down, and then says that the remainder of the notes "shall be made payable, in part or in whole, at any time when the directors shall deem the same requisite for the payment of losses or other expenses or purchases." Section 20 empowers the board of directors of every mutual insurance company, in order to settle the losses sustained by fire and the expenses of the company, to make an assessment or assessments, at convenient times, wherein they shall determine the sums to be paid by the several members of the company; and section 26 gives the board of directors power to make an assessment or assessments as often as they deem it necessary to meet the liabilities of the company, and provides that the assessments shall be made payable within thirty days, and that they may also include the necessary incidental expenses.

These statutory provisions are essentially the same as exist in several of the States of this Union, and while they have never come up for construction heretofore in the Supreme Court of this State, they have often been passed upon by the courts of other States, and the adjudications are harmonious and uniform.

In Thomas v. Whallon, 31 Barb. 172, the charter of the company provided that the notes taken by it for premiums should be paid in whole or in part and at such times, as the directors should deem requisite for the payment of losses, and such incidental expenses as should be necessary for transacting the business of the company. By an amendment of the insurance law which applied to the company, it was provided that the directors should, after receiving notice of any loss or damage by fire sustained by any member, and ascertaining the same, * * * settle and determine the sums to be paid by the several members thereof as their respective portions, and that the same should be paid thirty days next after notice. And the court held that upon a proper construction of the foregoing provisions, the directors of the company had no arbitrary discretion in making assessments, but that it devolved upon it to aver and prove that the contingency had happened upon which the defendant's liability had become absolute.

So in American Insurance Co. v. Schmidt, 19 Iowa, 502, where the defendant made his note to plaintiff, by which he agreed to pay, for value received, the sum claimed in a certain policy of insurance, "in such portions and at such time or times as the directors of said company may, agreeably to their charter and by-laws, require," it was held that the company could not recover on the notes for an assessment made thereon without alleging and proving that losses and expenses had actually occurred.

And to the same effect are all the cases that we have found in construing like statutes. (Bangs v. Gray, 2 Kern. 477; Herkimer County Mutual Ins. Co. v. Fuller, 14 Barb. 373; *In re* Bangs, 15 Barb. 264; Atlantic Ins. Co. v. Fitzpatrick, 2 Gray, 279; Long Point Ins. Co. v. Houghton, 6 Gray, 77; Savage v. Medbury, 19 N. Y. 32; Bangs v. Duckinfield, 18 N. Y. 592.)

The liability of the defendant is not an absolute liability to pay the whole amount of premium or deposit note, but it is conditional, depending upon the contingency of the happening of losses to which he shall be liable to contribute, and which has been ascertained by the directors, and the necessity of the payment of the whole or part of the note to satisfy the claim. The promise of the defendant is to pay upon certain conditions, and the existence of those conditions must be shown by the party seeking to enforce the contract. (Stow v. Wadley, 8 Johns. 124; Ferris v. Purdy, 10 Johns. 359.) Nor was the defendant liable at the mere discretion of the directors. There must have been actual losses or expenses before defendant was liable, as it was for these alone that he was liable, according to the very terms of his contract.

Does the mere passage of a resolution show a right to recover, or should there not be other proof that the payment of the assessment was necessary to meet losses and expenses? To require further proof of the plaintiff is imposing no impossible or unreasonable burden. The proof of the facts on which defendant's liability rests is in the possession of the plaintiff and is easily made. But the other rule would cast the burden of showing negatively that there had been no such losses and expenses as

rendered the assessment necessary. And this would involve an examination of the records and papers under the control of the opposite party. There is no arbitrary discretion to make assessments by the directors, and they do not act judicially, and their action is not a proceeding *in rem* which binds all directly or indirectly affected. This conclusion would seem to follow from the nature of the contract between the parties. Assessments can not be made on these premium notes unless the necessity therefor properly and legally arises. The protection of the party conditionally bound demands that the other party should show the necessity, not by a mere resolution or declaration, but by proof that payment was legally required. The proof is easily made, and protects alike the interests of all. To hold otherwise would be to place those who have given their premium notes wholly in the power and at the caprice of the board of directors.

The judgment should be reversed and the cause remanded. The other judges concur.