THURSTON and Another *v.* BARNES.

THURSTON
v.
BARNES.

A sheriff's return to an execution levied upon real estate, is admissible in evidence to prove the levy, sale and payment of the purchase-money, though it does not affirmatively state that the property was appraised.

The fact that the return states that the property was sold to the highest bidder, does not admit the inference that there was no appraisement.

It is only when property levied upon remains unsold, that the sheriff is required to return the appraisement with the execution; and even then, it need not be indorsed on the execution.

Where the property is sold, and the return does not show that it was appraised, an appraisement may be proved.

Where the rents and profits for seven years were offered, and there was no bidder,—*held*, that the sheriff was not required to offer a shorter term. *Aliter*, if he had received a bid.

APPEAL from the *Gibson* Circuit Court.

DAVISON, J.—This was an action by *Moses Barnes* against *Sarah Ann Thurston*, for a lot of ground in *Princeton*. The facts set up in the defendant's answer, are substantially these: In *April*, 1854, the defendant was married to *William Thurston*, who afterwards bought the lot in contest of *John Lagow*, for 400 dollars. He paid 100 dollars in hand, and for the residue gave two promissory notes, each for 100 dollars, one note payable *December* 20, 1854, and another due on the 20th *December*, 1855. He received *Lagow's* bond for a deed upon payment of the purchase-money. In *August*, 1854, the defendant filed her bill in the *Gibson* Circuit Court against her then husband, the said *William*, for divorce and alimony, which Court, at its *March* term, 1855, granted the divorce, and rendered a decree for alimony in her favor and against him, for 500 dollars. The sheriff, by virtue of an execution issued on the decree, levied upon the lot, advertised it for sale, and, on the 18th of *August*, 1855, sold the same, at public auction, to her, *Sarah Ann*, for 52 dollars, and made her a deed pursuant to the sale. During the pendency of the suit for divorce and alimony, viz., on the 3d of *January*, 1855, *William Thurston* paid to *Lagow*, before it was due, the residue of the purchase-money, and procured him to execute a deed to *Barnes*, the

*Monday, May 31.*

May Term,
1858.

THURSTON
v.
BARNES.

plaintiff in this suit, for the lot in controversy. It is averred that *Thurston* procured the deed to be made to *Barnes*, and he agreed to receive it, with intent to cheat and defraud her, *Sarah Ann*, out of any judgment she might recover in her suit for divorce, &c.

There was a reply in denial of the answer.

The issue was submitted to a jury, and upon the trial, the defendant having given in evidence the decree and execution referred to in the answer, offered in evidence the sheriff's return, indorsed on the execution, which indorsement is as follows:

" Levied, *July* 21, 1855, on lot 57, in *Princeton;* and having advertised the lot, as required by law, I did, on the 15th of *August*, in said year, expose the same for sale, at the door of the court-house in the town of *Princeton.* Having first offered the rents and profits of said lot for the term of seven years, and no one bidding therefor, I then offered for sale, to the *highest bidder*, the fee simple of the lot, and *Sarah Ann Thurston*, having bid for the same 52 dollars, and that being the highest and best price bid for the lot, it was openly struck off to her for that sum, and thereupon a conveyance was made to her for the property," &c.

The evidence thus offered was resisted on two grounds—

1. The return shows that the lot had been sold to the highest bidder without appraisement.

2. It appears that the sheriff offered for sale the rents and profits for seven years, without having first offered the same for a less term.

The Court, upon the first ground of objection, refused to admit the evidence; and thereupon the defendant's counsel announced that the return being refused, the defense could not be sustained.

There was a verdict for the plaintiff; and the Court, having overruled a motion for a new trial, gave judgment, &c.

The return does not show affirmatively that the property was sold without appraisement. Nor does the mere fact that it was offered for sale to the highest bidder, allow a decisive inference that it was not appraised. It it is only

when property levied on remains unsold, that the sheriff is required to return the appraisement with the execution; and even then it is not essential that the fact of such appraisement should be noted in the return indorsed on the execution. 2 R. S. p. 138, § 453. It has been decided that "the title of a purchaser of real estate at sheriff's sale, who pays the purchase-money and receives the sheriff's deed, cannot be affected by the circumstance that the return of the execution was imperfect or that there was none made." 7 Blackf. 154. Suppose that, in this instance, there had been no return, still the defendant would have been allowed to prove an appraisement. Hence, there seems to be no reason why an appraisement is not provable, though the return on the execution does not show that it was made. The return, in our opinion, was admissible to prove the levy, sale and payment of the purchase-money, allowing the defendant to prove the appraisement by other legitimate evidence.

The second ground of objection is equally untenable. The statute requires the rents and profits for a term not exceeding seven years to be first offered, and that so many years, not exceeding such term of seven, shall be sold, as will satisfy the execution, and no more. 2 R. S. p. 140, §§ 463, 465. Here the return avers that the rents and profits for seven years were offered, and there was no bidder; hence a bid for a shorter term could not have been expected; and it was, therefore, needless to have proceeded further in an effort to sell the rents and profits. If the sheriff had received a bid for the full term, it would then have become his duty to have offered a shorter term.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Baker*, and *J. T. Embree*, for the appellants.

*J. G. Jones* and *J. E. Blythe*, for the appellee.