Goodwine *v.* Hedrick.

*N. B. Taylor,* for appellant.

*Rand & Hall,* for appellee.

---

## Goodwin *v.* Hedrick.

Trial by Jury—Waiver of.—Any agreement of parties, entered of record, by which they consent to any disposition of the cause plainly inconsistent with its submission for trial by jury, will constitute a waiver of the right to such a trial.

Same—Referee.—The agreement to refer a cause, and that the referee shall hear the evidence, and try and determine all the matters in controversy between the parties, is totally inconsistent with its submission to jury, and is a waiver of a jury trial.

Quære.—Whether an entry of record is a sufficient "written consent" to a trial by a referee, under sec. 349, 2 G. & H. 210.

Practice—Submission to Referee.—If the regularity of the submission to the referee was not questioned in the court below, the Supreme Court will presume the submission to have been made "upon the written consent of the parties."

APPEAL from the *Warren* Circuit Court.

RAY, J.—Action in the court below by *Hedrick* against *Goodwine*. After the issues were formed in the case, the following entry appears in the record:

"Come now the parties, in person, and by their attorneys, and agree in open court that the court may refer this cause, and appoint a referee to hear the evidence, and try and determine all the matters in controversy between the parties; and that the decision of the referee have the force and effect of a finding by the court. Upon the filing of the report the court shall render judgment on such finding. The court thereupon appoints *Sydney Cronkhite* such referee; and orders him to report to this term his finding."

This order was entered on the eighth judicial day of the term. After the report of the referee was submitted to the court, *but before the same was filed*, the appellant, *Goodwine*, asked and demanded a trial by jury, which the court refused to grant. The refusal of the court to grant the appellant a trial by jury is the error complained of, and for which a reversal of the cause is asked in this court.

The first question presented for decision in this case is, whether the appellant has waived his right to have the cause tried by a jury.

The statute prescribes the methods in which such waiver may become effective. Among other modes, it declares it may be done "by oral consent in open court, entered on the record." In our opinion, the entry in this case clearly contains such a waiver. The words, "a trial by jury is waived," are not technical, but any agreement of the parties, entered of record, consenting to any disposition of the cause plainly inconsistent with its submission for trial by a jury, will constitute a waiver of the right to such a trial. The agreement to refer the cause, and that the referee shall hear the evidence, and try and determine all the matters in controversy between the parties, is totally inconsistent with its submission to a jury, and is a waiver of such trial.

The appellant insists, however, that the cause was never referred in the method required by the statute, and that, therefore, the referee acquired no jurisdiction, and his finding was null and void. The statute provides that "all or any of the issues in the action, whether of fact or law, or both, may be referred upon the written consent of the parties."

It is claimed by the appellee that the entry in the record of the consent of the parties to the reference, is a full compliance with the statute. This may be a sufficient "written consent," but the question is not before us for decision.

In the case of *Feaster* v. *Woodfill*, 23 Ind. 493, it was held, that where the record showed a cause to have been tried before a person other than the judge of that circuit, and no objection was made in the court below to the authority of the person so acting, the regularity of his appointment could not be questioned in this court. It would be presumed that the provisions of the statute, authorizing the appointment of a judge *pro tem.*, had been strictly followed.

The authority of the case cited is decisive of the question before us. The regularity of the submission to the referee was not questioned in the court below, upon the motion for a new trial, and we will, therefore, presume such submission to have been made "upon the written consent" of the parties.

The reason for a new trial assigned in the court below, was in these words: "because said cause was tried by a referee, and not by a jury, and the defendant never waived, nor intended to waive, his right to have said cause tried by a jury." This presents simply the question, whether the party had waived the trial by jury, and not whether the reference was made upon the written consent of the parties. We therefore decide the question of waiver alone.

The judgment is affirmed, with five per cent. damages.

*J. B. Davis, W. P. Rhodes, J. H. Brown* and *A. A. Rice,* for appellant.

*Gregory & Harper* and *Park & Miller,* for appellee.