## PIEL *v.* WATSON ET AL.

JUDICIAL SALE.—*Rents and Profits.*—Where, on execution, the rents and profits of real estate have been offered for sale, and no bid has been received therefor, the fee simple may be sold.

From the Knox Circuit Court.

*J. C. Denny, G. G. Reily,* and *W. C. Johnson,* for appellant.

*W. F. Pidgeon,* for appellees.

BUSKIRK, J.—This was an action by the appellant against the appellees, to recover the possession of a lot in the city of Vincennes.

There was issue, trial by the court, finding for appellees, new trial refused, judgment, and an exception.·

The only error assigned is for overruling the motion for a new trial. The evidence is in the record.

From the record the following facts appear:

The appellant obtained a judgment against the appellees for seventy dollars and twenty cents, with costs of suit, and a decree of court that appellant had a lien on the lot in dispute for materials furnished and work done on a house on said lot, and that the said lot should be sold to satisfy such lien. A copy of the decree was issued to the sheriff, who levied on said lot and had the same appraised. The appraisement was as follows:

The rents and profits were appraised as follows: For one year eighty-four dollars; for two years one hundred and twenty dollars; for three years two hundred and four dollars; for four years two hundred and forty dollars; for five

years two hundred and sixty-four dollars; for six years two hundred and eighty-four dollars; for seven years two hundred and ninety-four dollars. The fee simple was appraised at four hundred and fifty dollars. The sheriff offered the rents and profits for sale from one to seven years, but received no bid therefor. He then offered the fee simple and sold the same to the appellant for two-thirds of the appraised value, and after expiration of time for redemption, the sheriff executed to appellant a deed.

We are further informed by the record, that on the trial the court found that two-thirds of the rents and profits for seven years was of sufficient value to pay the judgment, interest, and costs, and that in such case the fee simple could not be sold, although the rents and profits had been offered for sale, and there had been no bid therefor, and for this reason alone found for the appellees.

It is provided by section 463 of the code, 2 G. & H. 246, that "the estate or interest of the judgment debtor in any real estate shall not be sold on execution, until the rents and profits thereof, for a term not exceeding seven years, shall have been first offered for sale at public auction; but if the same shall not sell for a sum sufficient to satisfy the execution, then the estate or interest of the judgment debtor shall be sold by virtue of the execution."

It has been repeatedly held by this court that where the rents and profits have been offered for sale, and no bid has been received therefor, the fee simple may be sold. *Law* v. *Smith*, 4 Ind. 56; *Brownfield* v. *Weicht*, 9 Ind. 394; *Thurston* v. *Barnes*, 10 Ind. 289; *Davis* v. *Campbell*, 12 Ind. 192; *The Indiana Central Railway Co.* v. *Bradley*, 15 Ind. 23; *Adler* v. *Sewell*, 29 Ind. 598.

We know of no statute or adjudged case that will justify the ruling of the court below.

The judgment is reversed, with costs; and the cause is remanded, for a new trial in accordance with this opinion.