TRACEWELL *v.* PEACOCK ET AL.

PLEADING.—*Conversion.*—*Set-Off.*—*Attorney.*—*Decedent's Estate.*—To a complaint by the sole devisee of the estate of a testator, against an attorney at law, to recover, in part, for moneys alleged to have been collected by the latter upon choses in action so devised to the plaintiff, and, in part, for an alleged personal indebtedness of the defendant to the plaintiff, the defendant pleaded, by way of set-off, an alleged indebtedness of the estate of such testator to the defendant, for professional services rendered by him in the settlement thereof, but did not allege, either that such matter of set-off had been filed as a claim against such estate, or that such estate had been finally settled.

*Held*, on demurrer, that such answer is insufficient.

PRACTICE.—*Demurrer to Bad Answer.*—*Effect Upon Complaint.*—If an insufficient answer be pleaded to the whole of a complaint consisting of sufficient and insufficient paragraphs, a demurrer to such answer can not be so carried back as to sustain it to the insufficient paragraphs of such complaint.

SUPREME COURT.—*Practice.*—*Waiver.*—A failure by a party appealing to the Supreme Court to discuss, in his argument therein, an error assigned by him, is deemed a waiver thereof.

SAME.—*Remittitur.*—A remittitur below of the excess of damages there recovered so cures the finding or verdict that an assignment, as error, of the overruling of a motion for a new trial, based upon alleged excessive damages, is not available on appeal to the Supreme Court.

From the Harrison Circuit Court.

*G. V. Howk, W. W. Tuley, W. T. Jones, S. H. Buskirk* and *J. W. Nichol*, for appellant.

*S. K. Wolfe, S. M. Stockslager* and *A. Stephens*, for appellees.

BIDDLE, J.—Complaint by the appellees, against the appellant, containing seven paragraphs. Ella Peacock had been the wife of Samuel H. Keen, who died, and from whom she took by devise his entire estate. She afterwards intermarried with Simeon Peacock. The first, second and third paragraphs of the complaint charge that certain choses in action, belonging to the said Ella, which she took under the devise, came to the hands of the appellant, as an attorney, for collection, and which he collected and converted to his own use. The fourth paragraph is founded upon a judgment rendered by a justice of the peace, against the appellant, and in favor of Ella Peacock. The fifth paragraph counts upon a similar judgment. The sixth paragraph is brought to recover interest on said two judgments, at the rate of ten per cent., which it is alleged the appellant proposed to pay, in writing, by a letter, for the forbearance of the collection of said judgments, which proposition Ella accepted, and forbore the collection accordingly. The seventh paragraph is in the usual form of a common count for money had and received.

The appellant answered the several paragraphs of the complaint separately, and filed a fourth paragraph to the whole complaint, by way of set-off, as follows:

"That when this action was commenced, the estate of the said Samuel H. Keen, deceased, as whose legatee the plaintiff Ella Peacock sues in this action, was, and still is, indebted to the defendant in the sum of five hundred dollars, for work and labor done, and care, skill and services rendered, by the defendant as an attorney at law, in the administration and settlement of said decedent's estate, the particulars of which," etc., are set forth in a specific account.

Paragraph fifth is a similar answer to the whole complaint, alleging the indebtedness against Ella Peacock, instead of against the estate of Keen.

The fourth paragraph of the complaint was amended, and a demurrer to it, alleging as ground the insufficiency of facts, was overruled, and exceptions reserved. It was then answered. Replies were filed, issues joined, trial by the court had, and a finding for the appellees. Motion for a new trial. Causes filed:

1. Excessive damages;
2. Insufficient evidence;
3. Surprise; and,
4. Newly-discovered evidence.

Motion overruled; exceptions; judgment; appeal.

The assignments of error in this court are:

1st. Sustaining plaintiffs' demurrer to the fourth paragraph of defendant's answer;

2d. Refusing to strike out the third, fifth and eighth paragraphs of plaintiffs' reply;

3d. Refusing to sustain defendant's motion to suppress the depositions of C. E. Garner, James S. Sheppard and A. C. Fox;

4th. Overruling defendant's demurrer to the fourth paragraph of plaintiffs' complaint;

5th. Overruling defendant's demurrer to the second, sixth and tenth paragraphs of plaintiffs' reply; and,

6th. Overruling the defendant's motion for a new trial.

We will examine the alleged errors in the order they are assigned. We think the court properly sustained the demurrer to the fourth paragraph of defendant's answer. It sets up an indebtedness against the estate of Keen, which arose after his death. A dead man can not make a contract, either express or implied. The debt might be payable out of the assets of his estate, but the decedent could not be the debtor. The appellant should show that he had filed his claim, or that the estate had been finally settled.

But the appellant insists that the first and sixth paragraphs of the complaint are insufficient, for the want of facts alleged, and that although the fourth paragraph of answer may be held insufficient, yet the demurrer should be carried back through the record, and the complaint held insufficient also. The fourth paragraph of answer was pleaded to the whole complaint, and if the demurrer is carried back, it must also go to the whole complaint. The demurrer, by passing through the answer, can not become any more specific than if it had been aimed directly at the complaint; and several paragraphs of the complaint being sufficient, the demurrer, if aimed directly at the entire complaint, should have been overruled for that reason. It was therefore properly overruled to the complaint. If the fourth paragraph of the answer had been pleaded to an insufficient complaint, generally, or solely to an insufficient paragraph of a complaint, doubtless the question discussed by the appellants would have been properly raised, and, perhaps, their views sustained; but, as the record presents it, the court has committed no error in not carrying back the demurrer and sustaining it to the complaint.

The appellant, very commendably, abandons the second and third assignments of error. If they existed below, no ground was laid in the record to bring them here. He admits the amended fourth paragraph of complaint to be good, and abandons the fourth assignment of error, also. He also admits that the second, sixth and tenth paragraphs of reply, which were demurred to, are sufficient, and no further insists upon the fifth assignment of error. The only remaining assignment of error to be considered is the sixth, overruling the motion for a new trial. The third and fourth causes assigned for a new trial, if they ever existed, were healed below by a remittitur. The first and second causes depend upon the evidence. The appellees insist that the bill of exceptions is not properly in

the record, and that if it was, it shows upon its face that it does not contain all the evidence given in the case. We have not nicely considered these questions, as the appellant's counsel did not "deem it necessary to examine the questions arising upon overruling the motion for a new trial," and has, indeed, virtually waived the sixth assignment of error. We have therefore not considered the evidence, as to its sufficiency to sustain the verdict or the amount of damages assessed.

The judgment is affirmed, with costs.

HOWK, J., having been of counsel, was absent.