## WATSON ET UX. *v.* PIEL.

SUPREME COURT.—*New Trial.—Assignment of Error.—Practice.*—Error in the admission of evidence is ground for a new trial, but is not a proper assignment of error, on appeal to the Supreme Court.

SAME.— *Waiver.*—Where an assignment of error, on appeal to the Supreme Court, is not argued in the brief of the party making the assignment, it is thereby deemed to be waived.

From the Knox Circuit Court.

*J. Baker, O. F. Baker,* and *W. F. A. Bernhamer,* for appellants.

*G. G. Reily* and *W. C. Johnson,* for appellee.

PERKINS, J.—Piel sued Watson and wife, to recover a parcel of land. He failed in his suit and appealed to this court, where the judgment against him was reversed on the 1st day of May, 1874. *Piel* v. *Watson,* 44 Ind. 447.

On the nineteenth judicial day of the February term,

1875, of the Knox Circuit Court, the cause was again tried by that court, and a judgment rendered for the plaintiff. A motion for a new trial, for the alleged reasons, that "the decision of the court is not sustained by sufficient evidence," and "the decision of the court is contrary to the law," was overruled, and exception reserved.

The alleged errors assigned in this court are:

"1. The court erred, in admitting in evidence, over appellants' objection, the complaint from the files of the C. P. C., in the case of John H. Piel *v.* William Watson and Mary Watson, and the judgment of said court in said cause, and the certified copies thereof, issued to the sheriff, with the indorsement thereon.

"2. The court erred in overruling appellants' motion for a new trial."

The appellants' argument, in this court, is confined to the first assignment of error. That assignment contains matter which should have been alleged in the motion as a ground for a new trial. It cannot be one of the errors assigned in this court. *Gregory* v. *Schoenell*, 55 Ind. 101.

The second assignment of error is waived, it not having been argued in this court. *Tracewell* v. *Peacock*, 55 Ind. 572; but, were it not waived, there is no truth in it.

We have not examined the point made by the appellee, that the bill of exceptions is not properly in the record.

The judgment is affirmed, with costs.