|  |  |
|---|---|
| 63 | 273 |
| 125 | 36 |

## GRIFFIN v. PATE ET AL.

SUPREME COURT.—*Practice.—Brief.— Waiver of Error Assigned.*—The failure of counsel to discuss, in his brief, errors assigned on behalf of the party for whom he appears, is deemed by the Supreme Court to be a waiver thereof.

NEW TRIAL.—*Refusal of Trial by Jury.—Exception.—Practice.*—Where a jury trial is demanded by a party, and refused by the court, the party demanding must, to make such refusal available as ground for a new trial, except at the time to such refusal.

From the Marion Superior Court.

*H. W. Harrington*, for appellant.

*J. W. Gordon*, *R. N. Lamb* and *S. M. Shepard*, for appellees.

HOWK, C. J.—In this action the appellees, as plaintiffs, sued the appellant and another, as defendants, in a com-

plaint of two paragraphs, upon an open account for goods sold and delivered by the appellees to the defendants.

In the court below, at special term, the cause was put at issue by the answers of the appellant, George.O. Griffin, and the appellees' replies thereto. The issues joined were tried by the court, without a jury, and a finding was made for the appellees; and the appellant's motion for a new trial having been overruled, and his exception saved to such ruling, judgment was rendered on the finding, from which judgment he appealed to the court below, in general term.

The judgment rendered at special term was affirmed by the court, in general term, to which judgment the appellant excepted, and appealed therefrom to this court.

The appellant has assigned, as error, the judgment of the court, in general term, affirming the judgment rendered at special term. This alleged error brings before this court, for our consideration and decision, the questions presented by the errors assigned by the appellant in the court below, in general term. The appellant's learned attorney, in his brief of this cause in this court, has confined his argument to the presentation of a single question, namely, his right to a trial by jury of the matters in issue. Upon all the other alleged errors, his brief is entirely silent, and therefore they must be regarded as waived. *Watson* v. *Piel*, 58 Ind. 566.

The last cause for a new trial, assigned by the appellant in his motion therefor, was as follows:

" Because the court erred in refusing the defendant a trial by jury, which was called for by the defendant, and refused by the court on the ground that a rule of court required, that a jury, if desired, should be called for within a certain time after the cause was set down for trial, and that in this case such demand had not been made until the case was called for trial, which refusal was excepted to by the defendant."

This cause for a new trial was supported by affidavit, which showed that the appellant had demanded a jury, when the action was called for trial. The difficulty with the appellant's case, however, in so far as this question is concerned, is one that can not be overcome. The record failed to show, that the appellant had in any manner saved an exception to the decision of the court, at special term, in refusing him a trial by jury. On the contrary, it was shown by a bill of exceptions properly in the record, that, when this cause was called for trial in its regular order, and the appellant had demanded a trial by jury, the court refused such jury trial, upon the ground that the appellant had failed to elect a jury trial, and to notify the court of such election, within the time limited by a rule of the court for making such election after the issues in the cause were duly made, which rule provided, that, upon the failure of the parties to announce to the court their election as to the mode of trial, within the time limited, they should be deemed to have elected to try their cause by the court. When this decision was announced by the court, neither the appellant nor his counsel objected or excepted to such decision; but the bill of exception states, that "the said rule having been read by the court, thereupon said cause was submitted to the court for trial and finding, without the intervention of a jury."

In this state of the record it is very clear, we think, that the alleged error of the court, in refusing the appellant a trial by jury, was not saved in the record in such a manner as to present any question for our decision. As the record reads, it shows an acquiescence by the appellant with the terms of the rule of court, without objection or exception, thereto, and a ready and willing submission of the cause to the court for trial, without the intervention of a jury. After the trial of the cause, and after the finding of the court for the appellees had been announced,

the record for the first time disclosed the fact that the appellant had demanded, and had been denied, a trial of the issues by a jury. It was then too late to object or except to the decision of the court in refusing such trial by jury.

The statute requires, that " The party objecting to the decision, must except at the time the decision is made." 2 R. S. 1876, p. 176, sec. 343. And, since the adoption of our code, this court has so uniformly held, that the decision complained of must have been excepted to at the time, or else it would not be available as an error, even if erroneous, that this rule of practice needs no citation of authorities to sustain it.

In our opinion, the court below, in general term, committed no error in affirming the judgment of the court, at special term.

The judgment is affirmed, at the appellant's costs.