## LEONARD ET UX. *v.* BARNETT ET UX.

FRAUDULENT CONVEYANCE. — *Husband and Wife.*— Where property is purchased with the separate means of a wife, and the title thereto taken in the name of her husband without her knowledge or consent, a subsequent conveyance by the husband to his wife, of said property, is not fraudulent, as between his wife and her husband's creditors.

SUPREME COURT.—*Practice.— Waiver.— Weight of Evidence.*—See opinion.

From the DeKalb Circuit Court.

*W. L. Penfield*, for appellants.

*J. I. Best*, for appellees.

HOWK, J.—In this action, the appellants sued the appellees, in a complaint of three paragraphs, the first of which was dismissed by the appellants before the trial of the cause.

In his brief of this case, the appellants' counsel admits that "the second paragraph of the complaint contains substantially the same allegations as the third."

In the third paragraph of their complaint, the appellants alleged, in substance, that on the 31st day of March, 1875, they commenced an action in the De Kalb Circuit Court, against the appellee Joseph S. Barnett, to recover damages in the sum of three thousand dollars, for injuries sustained by the appellant Amanda Leonard, by the negligent and unskilful treatment of her fractured arm by said Joseph S. Barnett, as a physician and surgeon; that on the 29th day of December, 1875, the appellants recovered a judgment in said action, against the said Joseph S. Barnett, for the sum of one thousand dollars damages, and costs taxed at two hundred dollars, which judgment and costs were due and unpaid; that, on said 31st day of March, 1875, the said Joseph S. Barnett was the owner in fee-simple of certain real estate, particularly described; that afterward, to wit, on the 7th day of April, 1875, the said Joseph S. Barnett, to defraud the appellants out of any judgment they might recover and his creditors generally, conveyed the said real estate, without any consideration whatever, to the appellee Belle Barnett, in secret trust for him, the said grantor; that the appellee Joseph S. Barnett, at the time of said conveyance, was indebted to the appellants and his other creditors, in the sum of three thousand dollars, and had not at that time, nor at any time since, other property and means left, adequate and sufficient for the payment of all his debts; that said conveyance was made by said Joseph S. Barnett with the fraudulent intent to cheat, hinder and defraud the appellants and his other creditors out of their respective claims; that, at and before the time of said conveyance, the said Belle Barnett had notice of the appellants' claim and of said debts, and, in taking said con-

veyance, had notice of the fraudulent intent of said Joseph S. Barnett, and colluded and participated with him in said intent, with the fraudulent intent on her part to assist him in defrauding the appellants and his other creditors; that on the — day of ——, 1876, the appellants caused an execution to be issued on their said judgment, to the sheriff of said De Kalb county; and that said execution was, on the — day of ——, 1876, returned by said sheriff, " no property found on which to levy." Wherefore the appellants asked that the said conveyance be set aside and declared void, that their said judgment be declared a lien on said real estate, and for all other proper relief.

The appellees jointly answered the complaint, by a general denial thereof. The issues joined were tried by a jury, and a verdict was returned for the appellees; and the appellants' motion for a new trial having been overruled, and their exception entered to this ruling, the court rendered judgment on the verdict.

In this court, the only error assigned by the appellants is the decision of the circuit court in overruling their motion for a new trial. In this motion, the following causes were assigned for such new trial:

1. The verdict of the jury was contrary to law;

2. The verdict was contrary to the evidence;

3. The verdict was not sustained by the evidence;

4. Error of the court in its general instructions given to the jury;

5. Error of the court in giving the jury the first, second and third of the special instructions, and each of them, asked by the appellees;

6. Error of the court in refusing to require the appellee Belle S. Barnett to answer more specifically each of the interrogatories propounded to her by the appellants, and filed with their complaint in this cause; and,

7. Error of the court in rejecting from the jury

John Jennings, after the jury had been accepted by both the appellants and the appellees, and in permitting his place on said jury to be filled and supplied by one —— ——.

The appellants' counsel complains, in argument, of the court's general instruction to the jury. In this instruction, after stating the nature and object of this suit, the court charged the jury, of its own motion, as follows:

" That, if you find from the evidence, that the house and lot in controversy were purchased with the separate means of the said Belle S. Barnett, and he " (Joseph S. Barnett) " took an absolute conveyance, in his own name, without her consent, and the said Joseph S. Barnett conveyed the land to his wife, Belle S. Barnett, before the rendering of said judgment, the transaction is not fraudulent on her part; for Joseph S. Barnett only did what the law would have compelled him to do."

In connection with this general instruction, the appellants' counsel has also complained of the third special instruction, given the jury at the appellees' request, which reads as follows:

" If you find from the evidence, that the property in question was purchased by the defendant Joseph, at the instance and by the direction of the defendant Belle, with means furnished him by the defendant Belle; and he took an absolute deed in his own name, without her knowledge and consent, then she would be the equitable owner of said property; and if, afterward, she discovered that the title was in his name, and requested her husband, Joseph, to convey it to her, and if you find he did so, then such conveyance is good against the creditors of her husband, though the deed was made directly from the husband to the wife."

It is objected by counsel to these instructions, that " they

totally ignore the question of fraud." We do not think so. In the court's general instruction, the jury were told, in substance, that if they found from the evidence that the property in controversy had been purchased with the separate means of Belle S. Barnett, and her husband had taken the title thereto in his own name, without her consent, then his subsequent conveyance of such property to his wife would not be fraudulent as between his wife and his creditors. For, in such case, Belle S. Barnett was the equitable owner of the property in question, and, upon a proper application a court of equity would have compelled her husband to convey it to her. It certainly was not fraudulent for Joseph S. Barnett to convey to his wife her own property, purchased with her own separate means, when it was found to be the fact that he had taken the deed to such property in his own name, without her knowledge and consent; and much less, we think, could it be said that the acts of Belle S. Barnett, in demanding and receiving from her husband a conveyance of her own property, purchased with her own separate means, were fraudulent as against the creditors of her husband. In the case of *Eagan* v. *Downing*, 55 Ind. 65, which, like the case at bar, was a suit by a judgment creditor to set aside the conveyance of certain real estate by the debtor to his wife, and to subject the land to the payment of the judgment, in regard to a case where the land had been purchased entirely with the wife's means, and the deed taken in the name of her husband, without her consent, it was said by WORDEN, C. J., speaking for the court: " In such case, she would be entitled to have it conveyed to her, and the creditors of the husband could not subject it to the payment of their debts."

This is the law, as we understand it, and it is the law; as stated by the court in the above quoted instructions in the case now before us. These instructions were applicable

to the case made by the evidence, and the court did not err, we think, in giving them to the jury.

The sixth and seventh causes for a new trial the appellants' counsel has failed to consider, or to discuss any question presented thereby or arising thereunder, in his elaborate brief of this case. Under the settled practice of this court, these alleged causes for a new trial must, therefore, be regarded as waived. *Tracewell* v. *Peacock*, 55 Ind. 572; *Watson* v. *Piel*, 58 Ind. 566.

The appellants' attorney has devoted a large portion of his argument of this cause to the examination and discussion of the evidence in the record, and its sufficiency to sustain the verdict in this cause. We do not think that it is necessary or would be profitable for us to follow counsel in his discussion of the evidence, or to attempt an answer to the points he makes in relation thereto, in this opinion. There are inaccuracies, inconsistencies and contradictions in the evidence, as it appears in the record; but it was the peculiar province of the jury to reconcile these, and to determine what portion of the evidence was the more worthy of belief. We are of the opinion that there was evidence introduced on the trial, which tended to show that the conveyance of the real estate in controversy, by Joseph S. Barnett to his wife, Belle S. Barnett. was not fraudulent as against the husband's creditors; that such real estate was the property of the wife, purchased entirely with her own separate means, and the deed thereof had been taken in the name of the husband, without her knowledge and consent; and that, when she discovered the deed of the real estate to be in her husband's name, she demanded and received from him a conveyance of the land to herself. We can not weigh the evidence; and where, as in this case, there is evidence in the record tending to sustain the verdict on every material point, such verdict can not and ought not to be disturbed by this court, on what we might

conceive to be the preponderance of the evidence. *The Ft. Wayne, etc., Railroad Co.* v. *Husselman,* 65 Ind. 73.

The court did not err, we think, in overruling the motion for a new trial.

The judgment is affirmed, at the appellants' costs.