The Ohio and Mississippi Railway Company v. Nickless.

No. 7552.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. NICKLESS.

PRACTICE.—*Supreme Court.—Assignment of Error.—Waiver.*—A failure to discuss an assignment of error is a waiver thereof.

PLEADING.—*Common Carriers.—Answer.—Demurrer.*—In an action against a railway company for injury to stock shipped on the compa-ny's cars, the company answered as follows: "That the plaintiff re-ceived the stock from the defendant in good condition, and paid the freight thereon, and gave defendant no notice that said stock was not delivered to him in good order, and made no demand for any damages on account of any injuries, or supposed injuries, to said stock."

*Held*, on demurrer, that the answer was not good in confession and avoid-ance, and at best could be deemed only an argumentative denial.

SAME.—It is not error to wrongfully sustain a demurrer to a paragraph of an answer, if the facts averred could have been proved under another paragraph.

The Ohio and Mississippi Railway Company *v.* Nickless.

PRACTICE.—*Supreme Court.—Bill of Exceptions.*—Unless the bill of exceptions states that it contains all the evidence given on the trial, the Supreme Court will not consider the question of the sufficiency of the evidence to sustain the verdict.

SAME.—*Instructions.*—If the instructions given were correct under any supposable state of the evidence, under the issues, the evidence not being in the record, the case will not be reversed.

From the Lawrence Circuit Court.

*C. A. Beecher* and *E. C. Devore*, for appellant.

*N. Crooke, G. Putnam* and *G. W. Friedley*, for appellee.

BEST, C.—The appellee brought this suit against the appellant, alleging in his complaint, in substance, that the appellant, during the year 1876, owned and operated a railroad, extending from the city of Cincinnati, in the State of Ohio, to the city of St. Louis, in the State of Missouri, and passing through the counties of Jackson and Lawrence in the State of Indiana; that during said time the appellant was a common carrier, engaged in transporting persons and property from point to point on the line of its road; that on the 23d day of October of said year the appellee delivered to it, at Mitchell, a station upon the line of its road in Indiana, one and one-half car-loads of cattle, to be by it transported to Cincinnati, which cattle were properly loaded upon one of its cars, and were, on said day, started for their destination; that appellant, by its servants and employees, so negligently and carelessly ran the train of cars upon which appellee's cattle were loaded, that said train collided with another train standing upon its track, and, by reason thereof, his cattle were thrown violently against each other, were jammed together, and were so severely bruised and injured that when they reached Cincinnati, Ohio, they could only be sold as second and third-class cattle, bringing $392 less than they would have brought had they not been thus injured; all of which occurred without the fault of the appellee.

The appellant filed its demurrer to the complaint, because

it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and it excepted. It then filed an answer in three paragraphs :

The first was a general denial.

The second was as follows : "That said plaintiff received said cattle at Cincinnati, Ohio, from defendant, in good order and condition, and paid the freight thereon, and gave defendant no notice that said stock was not delivered to him in good order, and made no demand for any damages on account of any injuries, or supposed injuries, to said stock."

The third was in abatement, and it averred that appellant was, at the commencement of the suit, and ever since had been, in the hands of a receiver, by order of the United States Circuit Court for the District of Indiana, and could not pay any debt, or adjust any claim, without violating the orders of said court.

The appellee demurred to the second and third paragraphs of the answer, on the ground that neither of them stated facts sufficient to constitute a defence to the action. This demurrer was sustained, and the appellant reserved an exception. The cause was submitted to a jury, and a verdict returned for the appellee. The appellant moved the court for a new trial, which was overruled, and it excepted. Final judgment upon the verdict.

In this court the appellant has assigned the following alleged errors :

1st. The court erred in overruling its demurrer to the complaint ;

2d. The court erred in sustaining appellee's demurrer to the second and third paragraphs of its answer ; and,

3d. The court erred in overruling its motion for a new trial.

The appellant has failed to discuss any question arising upon the first assignment of error, and any upon the second

assignment touching the action of the court in sustaining a demurrer to the third paragraph of the answer.

A failure to discuss any assignment of error is, under the well settled practice of this court, a waiver of such assignment, and, therefore, these alleged errors are deemed waived. *Tracewell* v. *Peacock*, 55 Ind. 572 ; *Watson* v. *Piel*, 58 Ind. 566 ; *Leonard* v. *Barnett*, 70 Ind. 367.

By the second assignment, the appellant insists that the court erred in sustaining the demurrer to the second paragraph of its answer. In this paragraph but two facts are averred : one, that the appellee received his cattle at Cincinnati in good order ; and the other, that he did not claim that they had been injured. If the cattle were injured, as appellee averred, we know of no rule of law, in the absence of a reasonable regulation upon such subject by the appellant, that would cause the appellee to lose his claim for damages, unless he gave notice of such claim when he received his cattle. If, when he received them, he did not claim they were injured, this circumstance would probably tend to show that they were not, in fact, injured.; but it could not possibly constitute a defence to the action. The other fact is, that he received them in good order. His acceptance of them did not waive his right to claim damages, if they had been injured. If only damaged, as he alleged, he was compelled to receive them. *The Michigan, etc., R. R. Co.* v. *Bivens*, 13 Ind. 263.

Does the averment that they were in good order and condition constitute a defence? It does not, unless we conclude that, because they were in good order and condition when they were received in Cincinnati, they were not injured on the way. This does not follow. At most, it seems to us, it is but a circumstance tending to show that the cattle were not injured, as averred. If they were in good order and condition when they were received in Cincinnati, it.

would be presumptive evidence that they were not injured on the way, but it would not conclusively follow from that fact that they were not; and, if they were injured on the way, a cause of action at once accrued to the appellee, which could not be avoided by averring that they were in good order and condition when received. This answer is not good in confession and avoidance. If it subserves any purpose, it is in denial of the complaint. It, at most, but avers a fact which tends to show that the appellee's cattle were not injured; and, if such is the proper construction, then it is but an argumentative general denial. It denies that the cattle were injured, by averring that they were in good order and condition. In other words, it denies the appellee's proposition by affirming the contrary to be true. *Hand* v. *Taylor*, 4 Ind. 409; *Thompson* v. *Mills*, 39 Ind. 528.

Whether such answer is to be regarded as an argumentative general denial, or a special plea, averring a fact which tends to show that the appellee's injury was not so great as averred, it is clear that there was no error in sustaining a demurrer to it. A general denial was filed, and all the facts averred in this answer could have been proved under that, "It is the settled rule of this court, that a judgment will not be reversed because a demurrer was wrongfully sustained to a paragraph of answer which contained a good defence, if there was another paragraph under which the same facts could have been proved." *Lingenfelser* v. *Simon*, 49 Ind. 82; *Emmons* v. *Meeker*, 55 Ind. 321; *Martin* v. *Merritt*, 57 Ind. 34.

This brings us to the third assignment of error, by which the appellant insists that the court erred in overruling its motion for a new trial. The causes alleged therefor are:

1st. The verdict is not sustained by sufficient evidence;

2d. The verdict is contrary to law;

3d. The damages are excessive;

4th. The jury erred in assessing the amount of damages;

5th. The court erred in giving instruction No. 1; and,

6th. The court erred in giving instruction No. 5.

To properly present nearly all the questions that arise upon this ruling, it is necessary that the record should contain the evidence. The only bill of exceptions in the record recites that the appellee, to sustain the issues on his part, called Allen Nickless, who testified as follows: Then follows what purports to be the testimony of said witness and two others, on the part of the appellee, and the testimony of one witness and the deposition of another, on the part of the appellant, at the conclusion of which the bill is dated and signed by the judge, without any other statement in it whatever. This is not sufficient to show that the evidence is in the record. It has been repeatedly held by this court, that the bill of exceptions must contain the statement that it contains all the evidence given on the trial of the cause, and, if it does not, the judgment will not be reversed on the evidence. Buskirk's Practice, p. 149, and cases cited; *The Gazette Printing Co.* v. *Morss*, 60 Ind. 153; *Sessengut* v. *Posey*, 67 Ind. 408. The evidence not being in the record, the first, second, third and fourth reasons for a new trial present no question. *Marley* v. *Noblett*, 42 Ind. 85. Neither do the fifth and sixth, unless the instructions are erroneous under any supposable state of the evidence that could have been adduced under the issues. It is well settled in this State that, if the instructions could have been correct, under any supposable state of the evidence, under the issues, the evidence not being in the record, it will be presumed that such state did exist. *Miller* v. *Voss*, 40 Ind. 307.

As the evidence is not in the record, we can not say that either of these charges was wrong as applied to the case made by the evidence. The only objection made to the first is that the court instructed the jury that the appellee might prove the contract declared upon by showing that he made it by an agent. In this it is mistaken; and, if it were not,

the charge is not erroneous. The law does not require a. party declaring upon a contract resting in parol, made for him by an agent, to aver that it was made by an agent, but he may aver generally that it was made by him, and prove the averment by showing that he made it through an agent. The only fault found with the fifth instruction is in the lan-- guage of the appellant, that "said instruction was too broad,. vague and indefinite, and calculated to mislead the jury." This does not enlighten us. Neither from this statement. nor from the instruction itself can we see that it was not strictly applicable to such case as may have been made by the evidence.

We find no error in the record.

PER CURIAM.—It is therefore ordered, upon the fore-going opinion, that the judgment below be, and is hereby, in all things affirmed, at the costs of the appellant.