No. 9751.

POWERS ET AL. *v.* JOHNSON ET AL.

HIGHWAYS.—*Judgment.—Practice.—Supreme Court.*—Petition to a county board for a highway thirty-three feet wide. The board appointed viewers, with directions to locate and mark it thirty feet wide, and they reported accordingly. There was then a remonstrance for want of public utility and for damages, and viewers having reported against the remonstrants, the board, by order, established the highway thirty-three feet wide. An appeal to the circuit court resulted in a similar judgment, and there was no application to that court to change or modify its judgment. That judgment and the final order of the board are questioned in the Supreme Court.

*Held,* that the latter, having been vacated by the judgment, could not be now questioned.

*Held,* also, that the judgment could not be objected to for the first time in the Supreme Court.

From the Clinton Circuit Court.

*A. E. Paige* and *S. O. Bayless,* for appellants.

*L. McClurg* and *J. V. Kent,* for appellees.

ZOLLARS, J.—Appellees filed a petition before the board of commissioners of Clinton county, asking for the location and establishment of a highway thirty-three feet wide. The notice of the petition stated that the petitioners would

ask that the highway should be thirty-three feet wide. The board made an order that the viewers should mark and lay out the highway to the width of thirty feet. The precept to the viewers ordered them to view, mark and lay out the highway thirty feet wide, fifteen feet on each side of the given line. The viewers reported that they so viewed, marked and laid out the highway fifteen feet wide on each side of the given line.

Upon the filing of this report, appellants and one Francis Powers moved to set aside and reject the report of the viewers, for the reason that it did not conform to, or correspond with, the petition for the highway.. The same parties also moved to dismiss the petition and reject the report. Upon the overruling of these motions, they filed a remonstrance on the grounds that the proposed highway would not be of public utility, and asking damages. Reviewers were appointed, and afterwards reported against the remonstrants. After the overruling of a motion to reject this report, the board made an order establishing the highway thirty-three feet wide. Appellants then appealed to the circuit court.

In the circuit court, appellants moved to dismiss the petition, and all proceedings under it, for the reason that the viewers and reviewers did not report upon a highway of the width specified in the petition, and the board did not establish a highway of the width reported by the viewers, but one three feet wider, viz., thirty-three feet. This motion was overruled, and appellants excepted. By agreement, the cause was tried by the court without a jury, and judgment was rendered establishing the highway on the line given in the petition, and thirty-three feet wide. Appellants thereupon filed their motion for a new trial. This motion was overruled. Appellants excepted, and appealed to this court.

The argument of counsel for appellants is limited to the question of the validity of the final order and judgment of the board of commissioners and the court below, establishing the highway thirty-three feet wide, the viewers having marked

and laid out the same thirty feet wide. Other objections, if there be any, are thus waived. *Goldsberry* v. *State, ex rel.,* 69 Ind. 430; *Griffin* v. *Pate,* 63 Ind. 273; *Tracewell* v. *Peacock,* 55 Ind. 572.

The questions discussed by counsel, if raised at all, were raised by the motion to dismiss; but that motion did not, and could not, call in question the final judgment of the court below. We can not tell from the record upon what theory the case was tried in the court below. Whether the questions of utility and damages were submitted to the court on the assumption that the road should be thirty-three feet wide, as stated in the petition, or thirty feet, as marked and laid out by the viewers, we can not tell. However that may be, no objection was made to the judgment, nor was any motion made to change or modify it. The objections can not be made for the first time in this court. *Ludlow* v. *Walker,* 67 Ind. 353; *Leonard* v. *Blair,* 59 Ind. 510; *Johnson* v. *Prine,* 55 Ind. 351; *Evans* v. *Feeny,* 81 Ind. 532; *McCormick* v. *Spencer,* 53 Ind. 550; *Bayless* v. *Glenn,* 72 Ind. 5; *Teal* v. *Spangler,* 72 Ind. 380; *Smith* v. *Tatman,* 71 Ind. 171.

The objection to the final order rendered by the board of commissioners is not available, for the reason that the appeal vacated that order. We find no available error in the record.

The judgment is affirmed, at the cost of the appellants.