No. 754.

TAYLOR *v.* THE TRUSTEES OF THE FIRST CONGREGA-
TIONAL CHURCH AND SOCIETY OF MICHIGAN CITY.

APPELLATE COURT PRACTICE.—*When Question Must be Ruled on in Trial
Court, and Excepted to, Before Available on Appeal.—Waiver.*—Where
the amount demanded in a complaint was $144.82, and the case, by
consent of the parties, was referred to a referee, and the referee
made a finding and reported to the court that plaintiff was entitled
to judgment for $164.67, and the defendant failed to move to modify
the finding in the trial court, the question as to the excess of the
finding over the amount demanded can not be raised in the appel-
late tribunal; for in all actions where there is an appearance, it is
absolutely necessary, in order to present a question to the appellate
tribunal, that an exception be taken to the decision of the court—
except (1) where the court has no jurisdiction of the subject-matter,
and (2) where the complaint does not state facts sufficient to con-
stitute a cause of action—otherwise objection to the decision will be
treated as waived.

NEW TRIAL.—*Affidavit in Support of.—When Duty of Court to Entertain.*
Where the court entertains a motion for a new trial, it is its duty to
also entertain an affidavit in support thereof if relevant and perti-
nent; still where the affidavit if it had been filed and considered
would not have caused a different result, it will be but a mere ir-
regularity that will not work a reversal.

From the La Porte Circuit Court.

*R. S. Carroll,* for appellant.

*H. B. Tuthill,* for appellee.

LOTZ, J.—The appellant was the treasurer of the appel-
lee, a church society, organized under the laws of this
State, and, as such treasurer, had received and disbursed
moneys belonging thereto. After he ceased to be such
treasurer, appellee brought this action to recover moneys
alleged to be due it from appellant.

The complaint is in two paragraphs. The first declares
upon an account stated. The second declares on an ac-
count for moneys had and received, and with it is filed;

as an exhibit, an itemized statement of receipts and expenditures by said appellant. This bill of particulars shows that appellant received, as such treasurer, the sum of $1,555.93, and disbursed the sum of $1,411.11, and that there was a balance of $144.82 due appellee, for which sum judgment was demanded, and all other proper relief.

The appellant answered (1) the general denial, and (2) a set-off. There was a reply to the second paragraph of answer, and, after issue was thus joined, the record contains the following recital: "And, by agreement, this cause is referred to Frederick H. Zahrn, who is to hear the evidence, beginning on Tuesday, May 10, 1892, and to continue until the evidence is complete, and to report upon the facts and conclusions at the next term of this court."

The referee filed his report at the following September term of the court, by which it is made to appear that, in accordance with the order of the court, said referee began hearing the evidence on the 10th day of May, 1892, and continued for the space of three days; that the hearing was then postponed until about the 12th day of August, at the request of the appellant, to give him an opportunity to procure certain vouchers, upon which day the hearing was concluded.

The report further shows that during the time appellant was acting as treasurer of appellee, he received the sum of $1,533.28, and disbursed the sum of $1,368.61, and that there was a balance due appellee in the sum of $164.67. The referee asked that he be allowed the sum of $25 for his services.

The appellant objected and excepted to this report, assigning as causes for such exceptions (1) that the finding and award was obtained by fraud and collusion, and through undue influence; (2) that the referee improp-

erly refused appellant reasonable time to obtain the evidence of certain witnesses, and improperly refused to hear other witnesses when offered by him; (3) that appellee's attorney acted as attorney for the referee, and that appellee and its attorney influenced his decision and made his report for him; (4) that the referee exceeded his powers and improperly executed them in that he did not take time to hear the evidence.

The appellee moved to strike out these exceptions, which motion was sustained by the court, to which ruling the appellant excepted. The court thereupon confirmed the report of the referee and rendered judgment against appellant in the sum of $164.67, with costs, and allowed the referee the sum of $25 for his services. Appellant thereupon filed a motion for a new trial and offered to file his own affidavit in support of certain causes of said motion, but the court refused to entertain said affidavit or permit it to be filed, to which action the appellant excepted.

There is a bill of exceptions in the record which contains this affidavit.

The assignment of errors brings in review the action of the court in referring the cause to the referee; in striking out appellant's exception to the referee's report; in rendering judgment on the report; in overruling the motion for a new trial, and the refusal to permit appellant to file the affidavit in support of his motion for a new trial.

Appellant has not discussed the questions as they arise from the assignment of errors, but has arranged them into what he denominates three points, and, in disposing of this case, we will follow the course laid out by appellant.

His first point is that the judgment should be reversed because the complaint only demands $144.82, while the

judgment rendered is for $164.67, and because there is an allowance of $25 to the referee.

The appeal is from the judgment as an entirety. If the judgment is good to the extent demanded by the complaint, it can not be reversed as an entirety. If the appellant desired to protect himself against the excess over the demand made by the complaint, and of the referee's allowance, he should have called this matter to the attention of the trial court by a motion to modify, and then presented the ruling to this court by a bill of exceptions. There was no motion of this kind made in the court below.

Appellant's first point is not well taken. *Studabaker* v. *Markley*, 7 Ind. App. 368, and authorities there cited.

The second point is that the proceedings, commencing with the appointment of the referee, and all subsequent actions by the court based thereon, are void because of the failure to comply with section 556, R. S. 1881, which requires the written consent of both parties before a cause can be referred, and because the record does not show that appellant waived his right to a trial by jury by oral consent entered of record in open court, as required by section 550, R. S. 1881.

The record does show that, by agreement, the cause was referred. There is nothing in the record to show that the appellant objected to this method of trial. On the contrary, it seems to have been done at his instigation. In all actions where there is an appearance, it is absolutely necessary, in order to present any question to an appellate court, that an exception be taken to the decision of the court. To this general rule there are but two exceptions—(1) where the court has no jurisdiction of the subject-matter, and (2) where the complaint does not state facts sufficient to constitute a cause of action. As to all other questions that are presented to an Appel-

late Court the foundation of the appeal must be laid in an exception to the ruling of the trial court.   The manifest reason for this requirement is that before an appeal can be prosecuted it must appear that the matter was decided by the lower court.   If no exception be taken, the objection to the decision is waived, and it will be conclusively presumed against a party, on appeal, that he was consenting to the action of the trial court.

This rule extends so far that it precludes the appellant from asserting that there was no written consent to refer the cause.

Here the record not only shows that appellant consented to the reference, but that he voluntarily appeared before the referee and submitted his rights to that method of adjudication.   *Goodwin* v. *Hedrick*, 24 Ind. 121; *Hauser* v. *Roth*, 37 Ind. 89; *Griffin* v. *Pate*, 63 Ind. 273; *Sheets* v. *Bray*, 125 Ind. 33; Works' Pr. and Pl., section 1071.

The third point discussed by appellant is the court's refusal to entertain the affidavit of appellant in support of his motion for a new trial.

The court, having entertained the motion for a new trial, it was its duty also to entertain any affidavit in support thereof that was relevant and pertinent.   We have examined the affidavit, and find that it contains but few, if any, matters that were pertinent to the motion.   Whilst the refusal of the court to permit it to be filed was perhaps an irregularity, still it could have made no difference in the result, as it did not show any facts which would entitle the appellant to a new trial.

There is no reversible error in the record.

Judgment affirmed.

Filed June 23, 1893.